State *v.* Duffy.

---

THE STATE *vs.* EDWARD DUFFY.

New London Co., Oct. T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Questions put to a witness must not assume facts to exist of which there had been no evidence, nor that particular answers had been previously given which had not been.

But the allowance of such questions is not a reason for granting a new trial where the questions were unimportant and no harm can have been done to the adverse party.

Where in a criminal prosecution the state has fixed a time in which it claims the offense to have been committed, it cannot take a different time.

The matter of allowing counsel in the cross-examination of a witness to inquire as to matters outside of the case for the purpose of testing the recollection of the witness, is largely one for the discretion of the court.

In a criminal prosecution, tried before a justice of the peace and appealed to a higher court, the justice can testify in the appellate court with regard to an admission made by the defendant in his testimony on the trial before him.

The court in its charge may properly comment upon the evidence, so long as the comments do not amount to a direction or advice to the jury how to decide the question of fact to which the evidence relates.

[Argued October 17th, 1888—decided January 4th, 1889.]

CRIMINAL COMPLAINT, by a prosecuting agent, against the defendant, a licensed dealer in intoxicating liquors, for allowing a minor to loiter on the premises where he kept liquors for sale, in violation of Gen. Statutes, § 3092; brought before a justice of the peace, and, by the defendant's appeal, to the Superior Court in New London County, and tried to the jury in that court, on a plea of not guilty, before *Andrews, J.* Verdict guilty, and appeal by the defendant for errors in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*W. H. Shields* and *A. P. Tanner*, for the appellant.

*J. M. Thayer*, State's Attorney, for the State.

PARK, C. J. The complaint in this case charges the defendant, a licensed dealer in intoxicating liquors, with allowing a certain minor to loiter upon the premises where he kept the liquors for sale, contrary to Gen. Statutes, § 3092.

On the trial the minor was called as a witness in support of the prosecution and the court allowed the state's attorney to put to him the following questions: " When were

you in there last?"  "You had been in there before, had you
not?  Don't you know you had been there frequently be-
fore?"  The witness finally answered these questions by
saying:  "Yes, I had been there before.  I cannot tell
when I was in there last."  In connection with the ques-
tions asked reference had been made to the place where
the defendant kept his liquors for sale, so that it was under-
stood that that was the place intended by the questions.

These questions and answers were allowed by the court
against the objection of the defendant, and this ruling is
claimed to have been erroneous.

As to the first question asked, the rule undoubtedly is as
claimed by the defendant, that questions must not assume
facts to have been proved when there had been no evidence
on the subject, nor that particular answers had been given
where none such had been made.  1 Greenl. Ev., sec. 434.
An inference would naturally be drawn from the answer
that the witness had not only been in the place once but
more than once.  But we cannot see that the question or
answer could harm the defendant.  The minor's merely
being in the place would not tend to prove any element of
the crime charged beyond the mere fact that he was there,
which without further evidence would be assumed to have
been on lawful business and perhaps only for a moment, and
would be a matter of no importance.  The statute does not
forbid the presence of a minor on the premises; the crime
is the allowing the minor to loiter on the premises.  No in-
ference that he was loitering there or that the defendant
was allowing him to do so could be drawn from the mere
fact of his occasional presence there.  We think this error
too unimportant to be made a ground for disturbing the
verdict.

The minor had stated in his evidence that he was there
"about Christmas" and the state's attorney had stated that
the offense they should prove was committed on or about
Christmas, 1887.  The defendant claims that the State,
having fixed this as the time when the crime was committed,
is confined to that time, but that the questions asked tended

to prove the commission of the crime at other times. The defendant is right with regard to the rule in such a case, but we do not consider the questions asked as tending to fix any other date for the offense. They were not asked for any such purpose.

The defendant further complains that the court below allowed the justice of the peace before whom the case was first tried, to testify what the defendant stated upon the hearing before him. The case had come to the Superior Court by the defendant's appeal from the judgment of the justice. The claim is that the declaration of the defendant made at that time in the course of his testimony, was in the nature of an admission, and that the jury should have been instructed that such evidence was liable to be affected by misunderstanding and mistake and was to be received with great caution.

There can be no legal objection to the testimony of a justice of the peace as to what occurred on a trial before him. Such testimony is common, and the fact that the matter testified to by the justice was an admission of the defendant cannot affect the case. This would be so even in a criminal case of the highest character. The jury can see what all the circumstances were, and as in all other cases can give the evidence the weight it deserves. No request was made that the court should give any particular instructions to the jury with regard to this evidence and we see nothing to which exception can be taken in the manner in which the matter was left to the jury.

The defendant further complains of the action of the court in allowing, against his objection, sundry questions of the state's attorney on his cross examination of the defendant as to what occurred on the justice trial. The justice had testified that the defendant admitted in his testimony "that the minor had been in and out of his store, just as other customers had, up to about Christmas." The defendant in his testimony in chief denied that he so stated before the justice. The questions asked were admitted solely to test the defendant's recollection in regard to what took place

before the justice, as a means of ascertaining how far his recollection was right with regard to this particular matter. We cannot say that the court erred in allowing these questions for this purpose. Such a matter is largely within the discretion of the court.

Of course a clear recollection of other matters that were testified to as having occurred on the trial would tend to show an accuracy of recollection with regard to the matter in question, while the want of all clear and accurate recollection of such other matters would detract from the weight of the defendant's testimony upon that matter.

The defendant further complains of the charge of the court, but a careful examination of it shows clearly that no just exception can be taken to it. Comments of the court in its charge upon the evidence in the case are within the proper province of the court, so long as they do not amount to a direction or advice as to how the jury shall decide the matter to which the evidence relates.

There is no error in the judgment complained of.

In this opinion the other judges concurred.