## THE STATE *vs.* LEVI E. CURTISS.

First Judicial District, Hartford, March Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

An illegal sale of liquor made by an agent within the scope of his agency, is in legal effect an act of his principal, and may be alleged as such.

In the case at bar the State claimed to have proved that the sale was made by *P* as the agent of the defendant, in the latter's hotel bar-room, of which *P* was then in charge; and that *P* was then and there acting in the place and stead of the defendant in making such sale. The court charged the jury that if they were satisfied beyond a reasonable doubt that *P* was left in charge of the hotel, as claimed by the State, and was the agent of the defendant and stood there in his place, acting for him at the time of the alleged sale, and did in fact sell the liquor, then the offense had been proven. *Held* that this charge, when read, as it should be, in the light of the evidence and of the claims made thereon, was sufficiently explicit for the guidance of the jury, and was not fairly open to the objection that it authorized a conviction although the jury might not find that *P* was the defendant's agent for the purpose of making the sale charged. (*One judge dissenting.*)

[Submitted on briefs March 2d—decided March 23d, 1897.]

PROSECUTION for selling liquor without a license, brought before a justice of the peace and thence by the defendant's appeal to the Superior Court in Litchfield County, where the accused was tried by a jury before *George W. Wheeler, J.;* verdict and judgment of guilty and appeal by the accused for alleged errors in the rulings and charge of the court. *No error.*

The case is sufficiently stated in the opinion.

*Charles G. Root,* for the appellant (the accused).

In order to make the defendant liable, as charged in the complaint, the court should have said that the jury must find that Perro was acting for him in making the alleged sale. Perro was in charge of the hotel all of the time, including the time of the sale; but we say that fact alone is not sufficient. 1 Bish. Crim. Pro., § 488; *Hipp* v. *State*, 33 Amer. Dec. 463; *Com.* v. *Putnam*, 4 Gray, 16; *Com.* v. *Nichols*, 10 Metc. (Mass.) 259; *Com.* v. *Park*, 1 Gray, 553; *Barnes* v. *State*, 19 Conn. 407.

*Donald T. Warner*, State's Attorney, and *James Hunting-ton*, for the appellee (the State).

A charge of misdemeanor against defendant is sustained by proof that he did it by an agent. 1 Bish. Crim. Pro., §§ 332, 488; Bish. Stat. Cr., § 1024; 1 Bish. Crim. Law, § 219; *Com.* v. *Park*, 1 Gray, 534. The charge was correct and the jury could not have been misled by it. There was no pretense that Perro was not the agent of Curtiss for all purposes connected with the hotel. It would have been absurd for the court, in the absence of any denial of agency on the part of the accused so far as the record discloses, to have stated or suggested that he should have expressly authorized and directed a sale, or by his presence consented to it, in order to constitute him his agent. It was for Curtiss to have rebutted the agency.

TORRANCE, J. The complaint in this case charged the accused with selling a quart of whiskey to one Roberts, without having a license to sell spirituous and intoxicating liquors.

. Upon the trial of the case in the court below, the State offered evidence tending to show that Roberts purchased the whiskey in the bar-room of the Woodbury House, a hotel in the town of Woodbury, of which the accused was the proprietor, "of one Israel Perro, then and there in charge of said hotel and bar-room, as the agent, clerk and bar-tender of the accused," who " was there in the place instead of the accused and acted for him in making such sale." Roberts testified that he purchased the whiskey at the hotel of the accused, from a man he did not know; but he then and there identified Perro as the man who sold the whiskey to him. The accused " objected to any proof of a sale by any other person than the accused, under the allegations of the complaint. The court admitted the evidence. Upon the conclusion of the evidence, counsel for the accused moved that all evidence tending to prove that said Perro was the agent, bar-tender and clerk of the accused, be stricken out as being

immaterial, and as not tending to support the allegations of the complaint.   The court denied the motion."

The material parts of the charge to the jury were as follows: "So that the question in this case is . . . whether there was a sale of intoxicating liquors,—whiskey, by the accused on the day named.   The State claims to have proved that there was such a sale; that Perro, clerk of the accused, was the man in charge of his hotel, and was his agent at that time; stood there in his place and stead and acted for the accused, and sold in fact a quart of whiskey to Roberts.   If the jury find beyond a reasonable doubt that Perro was left in charge of the hotel, as the State claims, and was the agent of Curtiss, stood there in his place, acting for him at the time of the alleged sale, and did in fact sell intoxicating and spirituous liquors to Roberts, then the offense has been proven. The questions of fact are: was Perro agent as claimed; was the sale made as claimed.   Those are the two questions of fact for you gentlemen to determine."

The jury rendered a verdict of guilty, upon which judgment was rendered against the accused, and from that judgment he brings this appeal.   The errors assigned relate, (1) to the admission and retention of the evidence objected to, and (2) to the charge to the jury.

The averment in the complaint is that the sale was made by Curtiss, while the evidence offered in proof of the averment is that the sale was made by Perro as the agent of Curtiss.   The objection that the proof does not support the averment, is clearly untenable, and very properly was not pressed in the brief filed in behalf of Curtiss.   Acts may be averred in pleading according to their legal effect; and a sale by Perro as the agent of Curtiss acting in behalf of Curtiss, was in legal effect a sale made by the latter and may be charged as such, and is supported by proof of a sale made through his agent within the scope of his agency.   *State* v. *Corrigan*, 24 Conn. 286; *State* v. *Basserman*, 54 id. 88, 93; *Morse* v. *State*, 6 id. 9; *Com.* v. *Park*, 1 Gray, 553, 554; *Com.* v. *Nichols*, 10 Met. 259; *Com.* v. *Holmes*, 119 Mass. 195, 199.

The objection to the charge seems to be, in substance, that

it should have stated that the jury must find, in order to convict, that Perro was acting for Curtiss and with his assent in making the alleged sale; and that the jury might infer from the charge, "that if Perro was in charge of the hotel for a perfectly lawful purpose at the time of the sale, the defendant might still be convicted, although he was not the owner of the liquor, was not present, and in no manner authorized or assented to the sale."

It is undoubtedly true that the criminal liability of a principal, as a general rule, is not governed in all respects by the same rules as his civil liability. For instance: "In the law of contracts, a posterior recognition, in many cases, is equivalent to a precedent command; but it is not so in respect of crimes. The defendant is responsible for his own acts, and for the acts of others done by his express or implied command, but to crimes the maxim *omnis ratihabitio retrotrahitur et mandato equiparatur*, is inapplicable." *Morse* v. *State*, 6 Conn. 9, 13. As a general rule "the master is never liable criminally for acts of his servant, done without his consent, and against his express orders." *Barnes* v. *State*, 19 Conn. 398, 407. This general rule is very well expressed in *Com.* v. *Morgan*, 107 Mass. 199, 203, as follows: "Criminal responsibility on the part of the principal, for the act of his agent or servant in the course of his employment, implies some degree of moral guilt or delinquency, manifested either by direct participation in or assent to the act, or by want of proper care and oversight, or other negligence in reference to the business which he has thus intrusted to another."

We think the charge in this case fairly recognized the principles which govern in cases of this kind, and that it is not open to the objections urged against it. The charge must be read in the light of the evidence in the case, and in view of the claims made upon that evidence as they appear of record. The State had offered evidence tending to prove, and claimed to have proved, that the sale in question was made by Perro as the agent of Curtiss, in the bar-room of Curtiss, of which the agent was then in charge; and that Perro was there in the place and stead of Curtiss, and acted

for him in making such sale. It does not appear whether Curtiss did or did not offer any evidence upon the question of the agency of Perro in making the sale, nor whether he did or did not make any claim that Perro had been forbidden by him to sell liquor, or was not his agent in so doing. The court told the jury, in effect, that if they found the claims of the State in respect to the agency of Perro, and in respect to the sale by Perro as such agent, proved beyond reasonable doubt, the offense was proven. The jury were thus, in effect, told that unless they were satisfied beyond reasonable doubt that Perro acted as the agent of the plaintiff in making the sale, they ought not to convict; and this was in effect telling them, what the accused claims the court ought to have told them but did not, namely, that to make Curtiss responsible criminally the sale must have been made with his consent, express or implied ; for Perro could not at the time of the sale have acted for and as the agent of Curtiss in making it, without the authority and consent of Curtiss, and the jury were in effect told that they must so find.

The claim that Perro acted under authority from his principal in making the sale, was the issue of fact committed to the jury; the charge was phrased in respect to this issue alone. Under these circumstances we think that the failure of the court to be as explicit as it might have been, and should have been if the state of the evidence and claims of counsel had raised a question as to the liability of the accused for a sale by an agent who was not his agent for the purpose of the sale, did not mislead the jury, and was sufficient for their guidance in the case before them.

There is no error.

In this opinion the other judges concurred, except ANDREWS, C. J., who dissented upon the last point.