THE STATE OF CONNECTICUT *vs.* RINA PINAGGLIA.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

It has long been the established law of this State, that the trial judge may comment and express his opinion upon the evidence, provided he does not direct, advise, or attempt to control, the verdict.

In the present case the trial judge in his charge said to the jury that, in view of the evidence, he did not think they would have any difficulty in finding that a theft from the person did occur at the time and place charged, and that the important question for them to determine was whether the accused was concerned in the theft, and her

guilt satisfactorily established. *Held* that the passage, taken as a whole, and when read in the light of other instructions to the effect that they must be satisfied beyond a reasonable doubt of the guilt of the accused of the crime charged, was not objectionable as a direction to the jury how they should find their verdict; especially as it appeared from the evidence and claims of the parties that the issue of a theft from the person was not really in controversy, but merely whether the accused was concerned in that criminal act.

Argued June 13th—decided June 22d, 1923.

INFORMATION for theft from the person, brought to the Superior Court in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

*Rocco Ierardi,* for the appellant (the accused).

*Arnon A. Alling,* State's Attorney, with whom was *Walter M. Pickett,* Assistant State's Attorney, for the appellee (the State).

PER CURIAM. The accused was charged with the crime of theft from the person. Error is assigned in charging the jury as follows: "Now, I think, gentlemen, in view of the evidence in this case you will have no difficulty in finding that this offense, that is, theft from the person of the complaining witness Pope, did occur at the time and place in question. The important question for you to determine aside from that if you find, as you undoubtedly will from the evidence, that such a theft occurred, is whether these accused or either of them was concerned in that act of theft, and whether that fact, if it be a fact, has been satisfactorily established."

The claim of the accused is that the trial court by this language, in effect, directed the jury as to the issue of the existence of the commission of the crime of theft from the person of Pope. It has long

been our law that the trial judge may comment upon
the evidence and express his opinion thereon, so long
as he does not direct, advise, or attempt to control,
the verdict. *State* v. *Fetterer*, 65 Conn. 287, 290,
32 Atl. 349; *State* v. *Duffy*, 57 Conn. 525, 529, 18
Atl. 791; *State* v. *Buonomo*, 87 Conn. 285, 290, 87
Atl. 977; *Cook* v. *Steinert & Sons Co.*, 69 Conn. 91,
92, 36 Atl. 1008. By virtue of Chapter 267 of the
Public Acts 1921, § 1, he may, if in his opinion "the
evidence is not sufficient to justify the finding of
guilt beyond a reasonable doubt," direct the jury
to find a verdict of not guilty. He may also instruct
the jury, "in case they should find the facts stated
in the information to be true, that it would be their
duty to find the prisoner guilty." *State* v. *Carrier*,
5 Day, 131. He may also instruct them that if they
find certain "facts to be proved, they must find the
defendant *guilty*." *State* v. *Ellis*, 3 Conn. 185, 186;
*State* v. *Smith*, 5 Day, 175. In *State* v. *Fetterer*, 65
Conn. 287, 289, 32 Atl. 394, we said: "The court
charged the jury in substance that there was no dispute
about the facts, and if they found them to be as thus
claimed, it was a case of peddling; and if the defendant
had obtained no license as a peddler, they ought to
render a verdict of guilty. . . . These instructions
furnish no ground of appeal by reason of the manner
or form in which they stated the opinion of the court,
as to the duty of the jury."

The first portion of the charge complained of may
well be sustained as an expression of opinion on the
part of the trial judge. The second portion is a direct
statement that the jury will find that the theft has
occurred. If this portion of the charge were to be
judged by itself, it would be difficult to escape the
conclusion that it constituted an attempt by the
trial judge to control the verdict as to this issue, and

hence was, in effect, a direction to the jury how to find this issue. But when this portion of the charge, which occurred at its beginning, is read in connection with the rest of the charge, it will be found that this issue, and every issue involved in the charge upon which the accused was tried was submitted to the jury, and that they were explicitly directed that they must be satisfied beyond a reasonable doubt of the guilt of the accused of the crime with which he was charged. The charge, read as a whole, fairly shows that the jury could not have regarded this portion of the charge criticised as a direction as to this issue.

Further, as we read the respective statements of the evidence claimed to have been proved by the parties, we think it fairly appears that the issue of the theft from the person of Pope was not in controversy but merely the issue of whether the accused was concerned in the act of theft.

There is no error.