STATE OF CONNECTICUT v. JAMES A. LOUGIOTIS.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 6—decided November 4, 1943.

*Perry J. Hollandersky,* for the appellant (defendant).

*Edwin W. Higgins,* prosecuting attorney, and *John J. McGarry,* for the appellee (state).

JENNINGS, J. The defendant was informed against for violation of the liquor law in four counts. The first count charged him with selling or delivering to a minor, contrary to the provisions of General Stat-

utes, Cum. Sup. 1935, § 1071c. The second and third counts alleged sales of liquor not to be consumed on premises, contrary to the provisions of General Statutes, Cum. Sup. 1939, §§ 959e, 985e. The fourth count charged that the defendant kept a place which was or was reputed to be a place where alcoholic liquor was kept for sale, contrary to law (General Statutes, Sup. 1941, § 469f). The jury before whom the case was tried found the defendant guilty on all four counts and the defendant appealed from the denial of the motion to set aside the verdict and from the judgment.

General Statutes, Com. Sup. 1935, § 1071c, reads as follows: "Any permittee who, by himself, his servant or agent, shall sell or deliver alcoholic liquor to any minor, . . . and any person . . . who shall deliver or give any such liquors to such minor, . . . shall be subject to the penalties of section 1083c."

The evidence justified a finding by the jury of the following facts as to the first count: Egan, a coast guardsman, seventeen years old, entered the place of business of the defendant on the evening in question looking for a friend. He did not find him, walked up to the bar and was invited by a sailor to have a glass of beer. The sailor ordered and paid for two beers. The bartender drew the beer and, at least on the second occasion, placed the glasses on the bar in front of the sailor and Egan, one being about a foot from Egan's right hand. The beer was drunk by the sailor and Egan. The jury could conclude on this evidence that there had been a delivery to Egan. *State* v. *Koenig*, 120 Conn. 39, 44, 178 Atl. 923. The defendant made no claim in his brief that the liquor alleged to have been sold to be consumed off the premises, as set up in the second and third counts, was sold by the waiter rather than the permittee, and it is therefore

not discussed. Witnesses testified to the reputation of the place as one where liquor was kept for sale contrary to law, as well as to numerous specific violations.

There was ample evidence to sustain a conviction of the defendant on all four counts. His real complaint is that the verdict was against the weight of the evidence, as alleged in his motion. This is not a valid ground for setting aside a verdict. "It is the function of the trial court or the jury to weigh the evidence and this court upon appeal will not set aside a verdict upon the ground that it was against the weight of the evidence." *King* v. *Travelers Ins. Co.*, 123 Conn. 1, 3, 192 Atl. 311.

In his appeal from the judgment, the defendant assigns as error a ruling on evidence. This does not appear in the finding and the defendant takes nothing by this assignment. Practice Book, § 359, Form 646; Conn. App. Proc., § 87. If we turn to the evidence printed in connection with the appeal from the denial of the motion to set the verdict aside, it appears that there was no exception taken to the admission of the evidence. Ibid.

The remaining assignments concern the charge, and four of them are related by the defendant to the first count. The parties' claims of proof as to this count did not differ materially. They were that an employee of the defendant, in the course of his employment, placed two orders, each for two glasses of beer, on the bar in front of the minor Egan and a sailor who drank them; that the beer was ordered and paid for by the sailor and the money placed in the cash register by the employee.

The court charged, in effect, that while an employer is not ordinarily liable criminally for the acts of his employees unless he participates in them, this prin-

ciple does not apply to sales or deliveries under the liquor law; that here an illegal sale or delivery by an employee within the scope of his authority made the permittee liable. This charge accorded with the express terms of the statute with respect to sales to minors. *State* v. *Curtiss,* 69 Conn. 86, 89, 36 Atl. 1014; *Rose* v. *Liquor Control Commission,* 124 Conn. 689, 199 Atl. 925.

The charge continued: "If you find beyond a reasonable doubt that . . . a bartender acting within the scope of his employment . . . did in fact, upon the order of a companion of Egan place in front of Egan on the bar . . . one or more glasses of beer from the stock on hand of the accused, paid for by Egan's companion . . . but consumed by Egan, I charge you that for the purposes of the first count the State has established a case against the accused."

Upon this detailed statement of facts there is no reasonable escape from the conclusion that the bartender knew that the beer was intended for Egan. The quoted portion, taken in connection with preceding paragraphs, covered all of the essential factual elements of the crime. The jury were told that if they found these facts proved beyond a reasonable doubt they should bring in a verdict of guilty. This was proper. *State* v. *Pinagglia,* 99 Conn. 242, 244, 121 Atl. 473. Criminal intent is not an essential element in a sale of liquor to a minor. *State* v. *Katz,* 122 Conn. 439, 441, 189 Atl. 606. The jury were also told "most emphatically" in the next paragraph that if the state failed to prove these essential elements beyond a reasonable doubt a verdict of not guilty as to this count was required. The case does not, at least as to the second drink, present a situation where, as in *State* v. *Koenig,* supra, the liquor was delivered to one person and by him passed on to the minor. Under the circumstances here

disclosed we cannot say that there was harmful error in the charge as to the first count.

It was agreed in oral argument that the gist of the offenses charged in the second and third counts was a sale of liquor in each case to be consumed off the premises and that such a sale was contrary to General Statutes, Cum. Sup. 1939, §§ 959e, 985e. Section 985e reads in part as follows: "Alcoholic liquors . . . sold under . . . restaurant . . . permits, shall be purchased by the holders thereof in sealed bottles or containers of not less than twenty-six fluid ounces or one-fifth of a gallon, and poured for sale and consumption from the original bottles or containers."

The facts surrounding these sales were quite complicated but the legal issue raised by the charge was simple. The state claimed that the essential element in the statute was the intent that the purchased liquor was to be consumed off the premises. The defendant claimed that this intent was conclusively negatived if the waiter broke the seal on the bottle. In this connection the court charged:

"You are instructed that this statute means, for the purposes of this case, that the holder of a restaurant permit, such as the accused, shall purchase whiskey from wholesalers in sealed bottles or containers and in the resale thereof, that is, in selling whiskey for consumption by patrons, shall pour the same from the original bottles or containers, and not otherwise.

"You are instructed that this statute does not give a permittee or his employee, acting as such, the right to sell one or more bottles of whiskey to be consumed off of the permit premises so long as the seals of the bottles are first broken."

The charge was correct. The breaking of the seal would doubtless be a relevant fact but not conclusive of the intent. The words of the statute do not permit

the sale of any part of the liquor for consumption off the premises. That is, if the customer, as the state claimed here, informed the seller that he wanted the liquor for home consumption, the sale would be a violation of the statute even if the seal was broken and a drink poured and consumed on the premises, the customer taking the rest away with him. The further contention of the defendant that the court should have charged that a sale by the bottle was legal provided the liquor was consumed on the premises finds no support in the claims of proof of either party.

There is no error.

In this opinion the other judges concurred.