STATE OF CONNECTICUT v. JOHN S. ZIEMAK

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE No. 705

Memorandum filed February 26, 1952.

*Frank Covello,* of Hartford, for the Plaintiff.

*George Lessner,* of Manchester, for the Defendant.

PARMELEE, J.  The accused was charged in the information in four counts with a violation of General Statutes, § 4293, which provides in part as follows: "Any permittee who, by himself, his servant or agent, shall sell or deliver alcoholic liquor to any minor . . . shall be subject to the penalties. . . ."

The accused, John S. Ziemak, is the permittee and owner of a restaurant to which a restaurant liquor permit has been issued. On August 11, 1951, the accused Ziemak went home at about 7 p. m. leaving the business in charge of his employee Schoen-wolf, who acted as bartender and waiter. At about 9:30 p. m. four minors came to the restaurant. Beer was served and de-livered to them at a table or booth. One of them claims also to have drunk beer at the bar. The beer was served by the said Schoenwolf.  Schoenwolf was a part-time employee whose regular hours were from 6 p. m. to closing time. He was an experienced bartender. He was hired in April, 1951, at which time, or shortly thereafter, the permittee, Ziemak, instructed him

that he was to be very careful not to serve any liquor to minors, intoxicated persons or those whose names were posted. Schoenwolf understood these instructions as a direct order not to sell to minors, intoxicated or posted persons. I find as a fact that these were bona fide instructions given in good faith by Ziemak to his employee and that the sales and deliveries made to the minors on August 11, 1951, were made by the bartender Schoenwolf without the knowledge of Ziemak and in no way participated in by him and actually in opposition to his expressed will.

This raises the question as to whether, under these facts, the permittee may be held criminally responsible under § 4293. As a general rule the master is never liable criminally for the acts of his servant, done without his consent and against his express orders. *Barnes* v. *State,* 19 Conn. 398, 407; *State* v. *Curtiss,* 69 Conn. 86, 89; *Commonwealth* v. *Morgan,* 107 Mass. 199, 203. A sale by an employee in a restaurant or tavern is only prima facie evidence of such sale by the permittee-owner as would subject him to the penalty for violating the statute forbidding the sale or delivery of alcoholic liquor to a minor. *Barnes* v. *State,* supra, 406. To make the permittee responsible criminally, the sale or delivery must have been made with his consent, express or implied. "Criminal responsibility on the part of the principal, for the act of his agent or servant in the course of his employment, implies some degree of moral guilt or delinquency, manifested either by direct participation in or assent to the act, or by want of proper care and oversight, or other negligence in reference to the business which he has thus intrusted to another." *Commonwealth* v. *Morgan,* supra; *State* v. *Curtiss,* supra.

Whether or not the employee is acting as the agent of his employer (the permittee) within the scope of his employment and authority is a question of fact to be determined by the trier. A sale or delivery by an employee, unexplained, might be sufficient to convict an owner-permittee. As stated so clearly in the case of *Barnes* v. *State,* supra, " 'So too, it should be understood, that merely colourable dissent, or a prohibition not to sell [or deliver], however publicly or frequently repeated, if not made *bona fide,* will not avail. But if a sale [or delivery] of liquor is made by the servant, without the knowledge of the master, and really in opposition to his will, and in no way participated in, approved or countenanced by him; and this is clearly shown, by the master; he ought to be acquitted.' "

The statute in force at the time of the decision in *Barnes* v. *State* in 1849 was somewhat different in wording from the present § 4293. However, *State* v. *Curtiss* was decided in 1897 and that decision, which quoted *Barnes* v. *State* with approval, was based upon an information brought under § 3092, Rev. 1888, the pertinent wording of which is exactly the same as the present § 4293 except for the substitution in the first sentence of "any permittee" for "every licensed person."

The case of *State* v. *Lougiotis,* 130 Conn. 372, is not authority for a conclusion different from that expressed in *State* v. *Curtiss,* 69 Conn. 86. Lougiotis was a permittee whose bartender had sold or delivered liquor to a minor. At page 375 the Supreme Court approved the charge, which said in effect "that while an employer is not ordinarily liable criminally for the acts of his employees unless he participates in them, this principle does not apply to sales or deliveries under the liquor law; that here an illegal sale or delivery by an employee *within the scope of his authority* made the permittee liable" (italics added). *State* v. *Curtiss,* supra, 89, was cited as authority. In the *Lougiotis* case the permittee offered no evidence to rebut the inference that his bartender was acting within the scope of his authority. Other cases which have dealt with a permittee whose bartender sold or delivered to a minor or intoxicated person concern actions taken by the liquor control commission by virtue of authority vested in them. *Rose* v. *Liquor Control Commission,* 124 Conn. 689, 690; *Dylag* v. *Brennan,* 128 Conn. 304; *Guastamachio* v. *Brennan,* 128 Conn. 356; *Cripps* v. *Liquor Control Commission,* 130 Conn. 693, 696. The authority possessed by the liquor control commission over permit premises together with its power to suspend or revoke licenses gives the state control over permittees and permit premises regardless of whether or not there is a conviction under § 4293.

On the facts found and for the reasons stated herein, the defendant is found not guilty and ordered discharged from custody.