STATE OF CONNECTICUT *v.* STANLEY LESNEWSKY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 13-1462

Argued October 11, 1962—decided February 14, 1963

*Thaddeus Maliszewski,* of Hartford, for the appellant (defendant).

*Seymour A. Rothenberg,* assistant prosecuting attorney, for the appellee (state).

PRUYN, J. In a trial to the jury, the defendant was convicted of the crime of allowing the operation of an overweight commercial motor vehicle on a public highway in violation of § 14-267 of the

General Statutes. He has appealed, claiming error in the court's charge to the jury.

We test the charge by the claims of proof of the parties as set forth in the finding. The state offered evidence to prove and claimed to have proved that the defendant was the owner of a commercial motor vehicle which was being operated on route 91, a public highway, on September 20, 1961, in the town of Enfield; that the carrying weight as registered with the department of motor vehicles was 60,000 pounds; that the scales on which the vehicle was weighed registered 75,000 pounds; that the defendant was not operating the vehicle at the time, nor was he in it when it was stopped by the police; that he did not know the light weight of the vehicle nor the load it could legally carry; that one Roy was operating the vehicle as an employee of the defendant, on the defendant's business and within the scope of his employment and authority; and that no permit had been obtained from the highway commissioner.

The defendant offered evidence to prove and claimed to have proved the following facts: On September 20, 1961, the day of a hurricane alert, the defendant received a telephone call from an employee of National Steel Company for delivery of twenty-two tons of steel to Westover Field. The defendant agreed to take about fifteen to sixteen tons, his allowable legal limit, and National Steel Company agreed to take the remainder of the steel on its own truck. The defendant told Roy, his driver, to take between fifteen and sixteen tons and that the balance would be taken by a National Steel truck. The defendant's truck was loaded by National Steel employees; the foreman of National Steel was told that there would be two trucks, but all the steel was put on defendant's truck with a

bill of lading for "One load of steel." The defendant's driver, Roy, did not carry out his instructions to take only fifteen to sixteen tons, did not insist that National Steel take part of the load, and was not acting in the scope of his employment in operating the overweight commercial vehicle. National Steel failed to live up to its agreement to put fifteen or sixteen tons of steel on the defendant's truck and the balance on its truck.

The assignments of error pursued on this appeal relate to the court's refusal to charge the jury as requested by the defendant and to the charge, to all of which he duly took exception.

Section 14-267 of the General Statutes provides in part as follows: "No person shall operate any commercial motor vehicle, nor shall the owner of any commercial motor vehicle allow such motor vehicle to be operated, on any public highway or bridge, when the combined weight of vehicle and load exceeds by two per cent or more the gross weight, tire capacity or axle load as registered with the department of motor vehicles . . . without a written permit from the highway commissioner."

The court's charge was based on the principles of law set forth by this court in *State* v. *Salone,* 22 Conn. Sup. 482. The defendant claims that the *Salone* case is in conflict with decisions of the Supreme Court of Errors such as *Beckanstin* v. *Liquor Control Commission,* 140 Conn. 185; *State* v. *Curtiss,* 69 Conn. 86; and *State* v. *Lamperelli,* 141 Conn. 430. In the *Salone* case, in which, parenthetically, the respective parties were represented by the same counsel as in the instant case, the court was concerned with the same section of the General Statutes and in a detailed and well-considered opinion held that knowledge by the owner of the overloading of a commercial vehicle is not an es-

sential element of the crime charged, that the words "allow . . . to be operated," in the light of the legislative history of the statute, require strict accountability by the owner irrespective of knowledge and must be construed to mean failure by the owner to use due care so as to carry into effect the purpose of the statute. The *Beckanstin* case involved the interpretation of the word "allow" in a section of the Liquor Control Act and was a disciplinary and not a criminal proceeding, and the court, acknowledging that the word "allow" was a word of different meanings, construed it in accordance with the intent of the particular statute. In the case at bar, the statute is different and the legislative purpose is different. We believe that this court in the *Salone* case interpreted the word "allow" correctly, and we see no conflict with the *Beckanstin* case. Ordinarily a principal is not liable criminally for the acts of his agent in which he has not participated and of which he has no knowledge, unless there is "want of proper care and oversight, or other negligence in reference to the business which he has entrusted to another." *State* v. *Curtiss*, 69 Conn. 86, 89. We see no conflict between the *Salone* case and the *Curtiss* case.

The *Lamperelli* case was concerned with a sale of liquor to a minor by an employee without the consent and knowledge of the employer and against his orders. The trial court had excluded evidence to that effect, the purpose of the evidence being to show that the employee was not acting within the scope of his employment. The court held that such exclusion was error, as an employer is criminally liable only when the employee acts within the scope of his employment. In view of the interpretation of the word "allow" adopted in the *Salone* case and approved by us, the matter of scope of the employment is of no consequence.

We approve the *Salone* case. The trial court correctly based its charge thereon and correctly denied the defendant's requests to charge which were based on the other three cases above mentioned.

There is no error.

In this opinion KOSICKI and DEARINGTON, Js., concurred.