STATE OF CONNECTICUT *v.* ROBERT FREDERICKS

KING, C. J., ALCORN, SHANNON, COTTER and RYAN, Js.

Argued June 10—decided July 5, 1966

*Igor I. Sikorsky, Jr.,* for the appellant (defendant).

*George D. Stoughton,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

ALCORN, J. Between the time of the judgment from which this appeal is taken and the appeal itself, the defendant resorted to the proceedings determined in *Fredericks* v. *Reincke,* 152 Conn. 501,

208 A.2d 756. This appeal results from the decision in that case. The defendant has been represented by different court-appointed counsel in the trial of his case, in the intervening proceedings and on this appeal.

The defendant, Robert Fredericks, was jointly accused with John H. McGruder of committing the crime of robbery with violence on or about October 6, 1960. Both men pleaded not guilty, elected a jury trial and, in a joint trial in which each had separate counsel, were found guilty by the jury.

The state's evidence was that, early in the morning of October 6, 1960, Paul Richmond was walking alone on West Avon Street in Hartford with about $115 on his person. He met two men and a woman and inquired of them about a room. One man doubted Richmond's ability to pay for a room, whereupon Richmond exhibited his money. Thereupon he was struck and wrestled to the ground, and his money was taken. On the trial, both Richmond and an eyewitness positively identified Fredericks and McGruder as Richmond's assailants. McGruder was arrested on the afternoon of October 6 and told the police that he had been with Fredericks and a woman on West Avon Street in the early hours of that morning. Fredericks was arrested on October 13 by virtue of a warrant issued October 7 and refused to make any statement to the police on the advice of his lawyer.

Fredericks' defense was that he had parted company with McGruder earlier in the evening, was alone on West Avon Street about midnight of the night in question, did not see McGruder or Richmond and did not rob Richmond.

The four assignments of error are best considered seriatim. The first attacks the court's re-

fusal to add to the finding facts claimed to be admitted or undisputed. This assignment is unmentioned in the brief and consequently is treated as abandoned. *Labbadia* v. *Bailey,* 152 Conn. 187, 190, 205 A.2d 377. Pursuit of the assignment would have been fruitless, however, both because the requested additions were defective in seeking to have the court find facts in a jury case and because, even had they been requested as claims of proof, they would have no relevancy to the rulings on evidence, which are the only questions of law raised by Fredericks either in his request for a finding or in his assignments of error. *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 276, 197 A.2d 73.

The second assignment of error purports to attack a ruling on evidence which does not appear in the finding. Consequently it presents nothing for our consideration. *Vachon* v. *Ives,* 150 Conn. 452, 454, 190 A.2d 601; *Dargie* v. *Hartford,* 150 Conn. 261, 263, 188 A.2d 491; *State* v. *Lougiotis,* 130 Conn. 372, 375, 34 A.2d 777. Even the paragraph of the draft finding on which the assignment seeks to rely fails to set forth a ruling in such a form that it could be passed upon. Practice Book § 648.

The third assignment of error attacks a ruling on evidence which does appear in the finding. Over objection by McGruder's attorney, a police officer was permitted to testify that McGruder, after being arrested without a warrant, stated to the officer "that in the early morning hours of the same night that the crime had been committed he had been with a woman who had a bad left eye, and that he had been with the same woman at the Paramount Restaurant on Main Street." McGruder's attorney objected on the ground that the statement was not admissible until the state had shown a valid basis

for the arrest. Fredericks' attorney made no objection. Fredericks now attempts to make an issue of the ruling for the first time. Unless a substantial injustice is shown, we are not required on appeal to entertain a claim which was not made in or passed upon by the trial court. *State* v. *Rafanello,* 151 Conn. 453, 456, 199 A.2d 13; *Paley* v. *Connecticut Medical Examining Board,* 142 Conn. 522, 529, 115 A.2d 448. Moreover a ruling on evidence must be both wrong and harmful in order to constitute reversible error. *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 21, 118 A.2d 798. The ruling as presented on the record before us fits neither category so far as Fredericks is concerned.

The fourth and final assignment of error also attacks a ruling on evidence which appears in the finding. A police officer testified that he arrested McGruder, informed him of the charge, questioned him at headquarters and asked him if he was involved. The officer further testified that McGruder told him that, on the night in question, he had been on West Avon Street with Fredericks and a woman and was approached by a man who asked where he might rent a room, and that he answered that he did not know and started to go home when he saw Fredericks wrestling with the man. Fredericks' attorney moved to strike out the testimony on the ground that Fredericks was not present when McGruder made the statement. Whether the basis of the objection was that the evidence was hearsay as to Fredericks or whether counsel was endeavoring to assert a ground which might have been pertinent under the rule of cases such as *State* v. *Hayes,* 127 Conn. 543, 602, 18 A.2d 895, if this had been a conspiracy trial, which of course it was not, is neither disclosed nor material to the claim now

made. The testimony was offered only as evidence against McGruder and was admitted by the court with that limitation, followed by an immediate instruction to the jury to consider the evidence solely so far as it affected the guilt or innocence of McGruder. The objection which was made at the trial is not the one pursued in this appeal. The claim now advanced is that any statement obtained from McGruder was inadmissible because it was obtained while he was "in custody in an accusatory proceeding" and when he was without benefit of counsel, and that, having thus been obtained in violation of McGruder's constitutional rights, any statement made by McGruder was inadmissible against either him or Fredericks regardless of the presence or absence of Fredericks when it was made. This much of the claim can be said to have some relation to the evidence which appears in the ruling which is attacked. Fredericks' brief, however, expands the claim to attempt to include a claim of prejudicial error in admitting "statements made by Fredericks in the absence of counsel even when the police knew he had an attorney."

This claim of error as now made must fail for several reasons. Quite aside from the fact that it presents an issue which, as already indicated, was not raised in or passed upon by the trial court, the record contains no information sufficient to enable us to reach any conclusion as to the legality of McGruder's arrest or interrogation. And, furthermore, the finding contains no suggestion whatever that Fredericks was interrogated at all. On the contrary, the finding is that he refused, on the advice of counsel, to make any statement.

The remainder of Fredericks' brief concerns itself with criticism of the settled rule in this juris-

diction that the credibility of an accused person who chooses to take the witness stand may be attacked by proof of his prior conviction of a crime under General Statutes § 52-145, as construed in cases such as *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 472, 208 A.2d 341, and *State* v. *English,* 132 Conn. 573, 580, 46 A.2d 121. The reason for injecting this discussion is obscure. The finding contains nothing on the subject. There is no assignment of error raising the question. Consequently, there is no such issue before us for decision.

There is no error.

In this opinion the other judges concurred.