FLORENCE ROMANSKY, P. P. A., *vs.* GEORGE CESTARO.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 23d—decided March 2d, 1929.

*Patrick J. Healey,* with whom, on the brief, was *Mitchell G. Meyers,* for the appellant (plaintiff).

*Richardson Bronson,* for the appellee (defendant).

Wheeler, C. J. The complaint alleges that the injuries of the plaintiff for which she seeks to recover were due to the negligence of defendant "in that he wantonly, heedlessly and recklessly, in disregard of the rights of plaintiff and others, managed and operated said automobile so that he caused, permitted and allowed said automobile so to dash down said Robbins Street, across said Watertown Road, through said private rights of way of The Connecticut Company, over and down said river bank, and into said Naugatuck River, in that he drove said automobile at a high, dangerous and reckless rate of speed, in that he failed and neglected to have said automobile in proper repair, in proper operating condition and under proper control, in that the brakes, rear-end and other operating parts of said automobile were and for a long time had been insufficient, worn and defective, as he knew or should have known, in that said automobile was not provided with at least two systems of brakes, each system being independent of the other and of sufficient power to lock the wheels of said automobile while said automobile was in motion, all of which defendant knew or should have known."

The parties were not in dispute as to these facts: The plaintiff when injured was riding in an automobile owned by defendant's father and then being operated by the defendant with his father's permission. The automobile was a secondhand open touring Ford car, purchased by the defendant's father about two or three months before the accident. On the afternoon of the day of the accident the plaintiff and six others went upon defendant's invitation for a drive with him in this car. The car was equipped with a foot brake and an emergency brake independent of it and in addition

the engine served as a brake by putting the car into low gear or into reverse. The foot brake, low gear and reverse gear on this car work through the driveshaft and are dependent upon it and when that is broken none of these brakes operate.

On their return and while proceeding down a hill at moderate speed, the driveshaft of the car suddenly broke. The defendant attempted to stop the car with the foot brake, and upon it failing to operate he attempted to put the car into low gear and then into reverse gear but neither operated. He then applied the emergency brake and at first this checked the speed somewhat but it soon gathered momentum again and continued at high speed down the hill. The defendant finally steered the car into a private right of way against a sand bank which it passed over and against a tree and stopped at the edge of a river, part of the car being in the water.

The disputable facts, concerned in large part the condition of the braking equipment of the car and as to whether the defendant had been negligent in failing to have the braking equipment of the car in good order while the car was being operated on the highway at the time of the accident.

The jury rendered a verdict for the defendant, which the plaintiff moved to have set aside. From the denial of this motion and because of claimed errors in the charge the plaintiff appeals. We will consider first these claimed errors.

The plaintiff relies upon the statute which reads as follows: "Every motor vehicle, except a motorcycle or motorcycle and side car, while in use upon the highway, shall be provided with at least two systems of brakes, each system of which shall be independent of the other, and of sufficient power to lock the wheels of the motor vehicle while such motor vehicle is in mo-

tion." Public Acts of 1921, Chap. 400, § 40 (a). The purpose of the statute was to provide a means of stopping an automobile quickly in order to prevent injury to person or property. To accomplish this end the legislature required the automobile to be equipped, not with one system of brakes, but two, each system operating independent of the other, and possessing sufficient power to lock the wheels of the car while it is in operation. The intent of the statute was to regulate motor vehicles which are to run on the highway. Primarily it was not intended to regulate the conduct of drivers.

The plaintiff assigned as error the failure of the court "to charge the jury that if such automobile was not provided with two sets of brakes in compliance with the statute, defendant was guilty of negligence *per se,* and that if such condition was the proximate cause of the injury to plaintiff, defendant was liable." The court read the statute to the jury, but failed to instruct the jury that it required every automobile while in use of the highway to be equipped with two sets of brakes with sufficient power to lock its wheels while so in motion and that a failure to so equip the automobile was negligence *per se.* There was no dispute but that this car did have two such sets of brakes, so that the failure of the court to give this instruction, so far as it concerned the character of the brake equipment, did the plaintiff no harm. The plaintiff did not intend by this instruction to question the existence of the two sets of brakes on this car. What it did intend by the instruction was to convey to the jury that the car must not only have the stated system of brakes, but that these should, while the car was in motion, have sufficient power to lock its wheels. That is, the system of brakes must be in condition to lock the wheels, and if not in that condition the defendant

would be negligent *per se,* and if the jury found this to have been the proximate cause of plaintiff's injury a verdict for her must follow. An instruction such as this would make every owner and operator of a car an insurer against damage done by the operation of the car if it resulted from a defect in either or both systems of brakes regardless of whether the defect was one which the owner or operator knew of or should have known of. Liability would follow although neither owner or operator had been negligent in any degree. The defect may have preceded the injury by a moment of time and have been impossible to ascertain, the injury may have been the result of an accident, in either case under the plaintiff's construction of this statute the owner and operator must pay for something for which he could in no sense be responsible. It is said that the language of the statute "while in use upon the highway" compels this interpretation otherwise the beneficent purpose of the statute would be rendered nugatory. We think this a misconception of the true purpose of the statute, which was to prohibit the operation of a car upon a highway which was not equipped with two sets of brakes having sufficient power to lock the wheels of the motor vehicle while the car was in motion. If then the brakes, or one of them, become defective and that be due to the negligence of the owner or operator for any cause, liability must follow. But if the defect be the result of an accident, or from a cause which cannot be traceable to the negligence of the owner or operator, responsibility ought not to be imposed upon them. We should not infer a legislative intent to penalize those who own or operate automobiles for results for which they are in no way responsible. The argument for the strict construction of this statute holds that the purpose of requiring two independent brake systems is that in case one should fail

for any reason resort might be had to the other, but as the statute is construed the failure of one for any reason would be a violation of the statute whether the other was working or not. The motor vehicle statute also requires every car to have a tail light, a like construction must lead to a like result—the owner must insure against the light going out, and if it did, as occasionally happens, through an accident resulting without fault on his part, or otherwise, he would be liable for the resulting damage.

No sound public policy can justify making the owner or operator of an automobile an insurer against damage done by his car while in motion on the highway. The court charged the jury: "If you find that . . . the brakes or either of them were not in good condition, and that the defendant knew this or would have known it if he had used ordinary care, that would be negligence on the part of the defendant." And, further along, the instruction continued: "But if you find that . . . both brakes were in good working order, and that there was no defect in the car known to him, or that ought to have been known to him, until something gave way, without any fault on his part, then you must conclude that it was an unavoidable accident, and your verdict must be for the defendant." The instruction supplemented the positive duty which the statute imposed upon owner and operator as to the brake equipment of the car by making them responsible for their own negligence due to the defective condition of the brakes. There was no error in this part of the charge.

In conclusion we refer to one question which is involved in the case but which does not appear in the assignment of errors, presumably because the charge of the court was favorable to the plaintiff, the appellant herein. The plaintiff was a "guest" within the

purview of Chapter 308 of the Public Acts of 1927, which denies the right to recover for injuries while one is being transported by the owner or operator of a motor vehicle as a "guest" unless the accident was "intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." At the time the action was tried, *Silver* v. *Silver,* 108 Conn. 371, 143 Atl. 240, had not been handed down, and the charge of the trial court did not interpret this statute as we did. Under this statute the plaintiff, instead of showing that her injuries were caused by the failure of the defendant to exercise reasonable care in the care and maintenance of the brake equipment, must show that they were caused by the operation of defendant's car in "heedless or reckless disregard of the rights of others." *Silver* v. *Silver, supra.* The denial of the motion to set the verdict aside was a correct ruling upon the evidence.

There is no error.

In this opinion HAINES and BANKS, Js., concurred.

MALTBIE, J. (dissenting). I am unable to agree with the construction placed by the majority opinion upon the statute, which requires every motor vehicle, except motorcycles, while in use upon the highway to be equipped with two systems of brakes, each independent of the other and of sufficient power to lock the wheels of the car while it is in motion. It is true that the application of the rule which makes the breach of a statutory regulation governing the operation of motor vehicles negligence *per se,* may conceivably bring about a liability where some defect in one of the braking systems develops suddenly and unexpectedly, but the obvious purpose of the legislature in the adoption of the statute in question was the protection of the gen-

eral public in the use of the highways. The ability quickly to stop an automobile is in many instances the final and often the only means to prevent injury to its occupants and others. The interpretation placed upon the statute in the majority opinion, which only requires that an automobile have the mechanical equipment, regardless of the present ability of the operator to make effective use of it when danger is imminent, practically destroys the value of the statute as a means for the protection of life and property. I cannot believe that the legislature meant less than to accord to the public the full measure of protection afforded by a requirement that an operator at all times maintain his brakes in the prescribed condition of effectiveness. Surely the protection afforded by the interpretation I would place upon the statute is of infinitely more consequence than the rare case in which liability might result through a deficiency in brakes which, but for the statute, might be regarded as not attributable to lack of reasonable care. It may be that the consideration just mentioned might suggest inclusion in the statute of a provision that, in a civil action, breach of it should constitute only prima facie evidence of negligence. But there is no such provision, and as between adequate protection of the public and the avoidance of possible occasional individual liability and loss, I have no hesitancy in attributing to the legislature a preference for the former, nor can I question that a sound public policy would justify that preference.

In this opinion HINMAN, J., concurred.