JENNIE BRYLL *vs.* JOSEPH BRYLL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 5th—decided April 19th, 1932.

*John C. Blackall,* with whom, on the brief, was *Charles H. Blackall,* for the appellant (defendant).

*Jacob Berman,* for the appellee (plaintiff).

HINMAN, J. The defendant, driving a sedan owned by his father, was returning from Bloomfield to the family home in Windsor, having as a guest the plain-

tiff, his sister aged three years, who was standing in the front seat of the car. He started to turn left from Blue Hills Avenue into a side street when, as he crossed trolley tracks in the center of the avenue, the car started to "shimmy," he lost control of it and it turned diagonally across the side of the road on which he had been driving. He attempted to use the foot brake but the pedal went to the floor without producing any effect; he then reached to his right for the emergency brake lever, but in that car it was located on his left and before he applied it the car ran a distance variously estimated at from forty to seventy feet and collided with a pole. The plaintiff was thrown forward against the windshield by the impact and injured. The only direct testimony as to the rate of speed was that of the defendant that he had been driving twenty to twenty-five miles per hour, but he claimed to have slackened somewhat in preparation for the turn. By the force of the collision the pole, which was forty feet long, thirty-four inches in circumference, and set six feet in the ground, was moved several inches at the base and cracked at about one third of its height above the ground. The appeal relates only to the denial of the defendant's motion to set aside the verdict, and the inquiry is: could the jury reasonably find, upon the evidence, that the defendant was operating the car in such a manner as to render him liable to the plaintiff under the "guest statute"? General Statutes, § 1628. In this action the plaintiff could not rely upon negligence in the care and maintenance of the automobile and its mechanical equipment alone, but must show that her injuries were caused by the operation of the car by the defendant in heedless or reckless disregard of her rights. *Romansky* v. *Cestaro,* 109 Conn. 654, 660, 145 Atl. 156; *Silver* v. *Silver,* 108 Conn. 371, 143 Atl. 240.

The determinative issue was whether the conduct of the defendant in the operation of the car in any of the respects alleged in the complaint was such as to satisfy this requirement. Upon this, as well as upon an issue of ordinary negligence, the mechanical condition of a car and a defendant's knowledge of defects therein are admissible and material considerations. *Landry* v. *Hubert*, 100 Vt. 268, 137 Atl. 97; *O'Shea* v. *Lavoy*, 175 Wis. 456, 185 N. W. 525, 20 A. L. R. 1008. In this case these elements were of special and potentially controlling importance. It is at least doubtful if the evidence as to speed, look-out, control and collision with the pole, considered apart from mechanical defects of the car materially affecting the degree of care to be exercised in operating it, would warrant a finding by the jury of culpability of the degree required to support recovery in a guest case.

However, the jury could hardly have found otherwise, from the evidence, than that both the foot brake and the emergency were in such defective condition that they would not perform their essential functions, and that the steering apparatus was so worn and loose as to be liable to cause loss of control especially if the car be driven at any considerable speed. They could also reasonably find that the defendant had notice of these conditions through a conversation in his hearing between his father and a mechanic who, having done work upon other parts of the car, called attention to the condition of the brakes and of the steering mechanism, and from his own operation of the car on several occasions immediately preceding the accident. If they so found, as the verdict signifies, we cannot hold that they could not conclude, reasonably and within a proper exercise of their prerogatives, that in view of the existence of such defects known to the defendant, the manner in which he operated the car was such as

to constitute a heedless and reckless disregard of the rights and safety of the plaintiff and, therefore, to permit and justify a recovery by her.

There is no error.

In this opinion the other judges concurred.