JOSEPH SMITH ET AL. *v.* MORRIS FINKEL ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 1—decided July 22, 1943.

*Louis Feinmark*, with whom was *Herman D. Silberberg*, for the appellant (named plaintiff).

*Nathan A. Resnik*, with whom, on the brief, was *Howard D. Olderman*, for the appellant (intervening plaintiff).

*Alexander Winnick*, with whom were *Martin E. Gormley* and, on the brief, *Max H. Schwartz*, for the appellees (defendants).

MALTBIE, C. J. The plaintiff Joseph Smith brought this action to recover damages to merchandise in a store he conducted, caused by a fire alleged to have resulted when a truck owned by the named defendant and operated by his agent, Jacob M. Prosco, also a defendant, ran into another car by reason of the claimed negligence of Prosco. An insurance company, which had paid the plaintiff a substantial sum for his loss by the fire, intervened as a coplaintiff. The trial court gave judgment for the defendants and the plaintiffs have appealed.

The finding, in which no material change can be made, states the following facts: The truck had a

registered carrying capacity of sixteen thousand pounds and its load at the time of the accident was sixteen thousand, four hundred and twenty pounds. It was in good condition and was equipped with two braking systems, a hand or emergency brake operating on the drive shaft which in turn operated on the rear axle, and a foot brake. After leaving New Haven with his load, Prosco operated the truck over various highways and eventually reached Platt Street in Ansonia. During this trip he had no difficulty in operating the brakes or in controlling the speed of the truck. He entered Platt Street about half a mile from Main Street. This entire half mile is down grade but the degree of grade varies from 2 to 17 per cent. The last dip of one hundred and seventy-five feet into Main Street is at the latter grade. Prosco was unfamiliar with Platt Street and had been instructed by Finkel to make a right turn when he reached a certain parkway or green on it. In proceeding down the grade Prosco was driving about six miles an hour and the truck was under complete control. As he approached the point where he intended to make a right turn, he heard a sudden snap under the body of the truck and the speed began to increase. At this point Platt Street descended at a 6 or 7 per cent grade. He immediately applied his brakes but found that they were not as effective as they had been prior to hearing the snap. He made every effort to decrease the speed of the truck, but despite the fact that the foot brakes were in good working order the speed rapidly increased, the truck went completely out of control, collided with a truck parked on Main Street and finally stopped against some concrete steps some distance beyond. The parked truck exploded and set fire to the building of the plaintiff Smith, causing extensive damage. After the accident an examination of Finkel's truck disclosed

that a rear axle shaft was broken, destroying the effectiveness of the emergency brake. The foot brake alone was insufficient to decrease the speed of the truck down the steep grade.

The basic conclusion of the trial court from these facts was that Prosco was not negligent in any of the particulars alleged in the complaint, and specifically that the excess of four hundred and twenty pounds over the registered carrying capacity did not constitute negligence per se and was not a proximate cause of the plaintiffs' damage.

The plaintiffs strenuously contend that the finding, corrected or uncorrected, establishes that Prosco was negligent as matter of law, under common-law principles, but we cannot hold that the court could not reach the conclusion it did on this issue. The plaintiffs also invoke two statutes. The first forbids the loading of a truck beyond its registered capacity. General Statutes, Cum. Sup. 1935, § 570c. While the truck had an excess load of four hundred and twenty pounds, and while this, as a violation of the statute, was negligence per se, the trial court could reasonably find, as it did, that the excess load had no effect upon the operation of the truck and no connection with the braking of the axle shaft. It would necessarily follow that the negligence resulting from the violation of this statute was not the proximate cause of the injury. *Kinderavich* v. *Palmer*, 127 Conn. 85, 89, 15 Atl. (2d) 83.

The second statute invoked by the plaintiffs provides: "Each motor vehicle . . . in or upon, or operated in or upon, any public highway or other public place of this state shall be provided and equipped with brakes adequate to safely control the movement of such vehicle. Such brakes shall at all times be maintained in good and sufficient working order. . . ." General Statutes, Cum. Sup. 1935, § 606c. After the

assignments of error were filed, the court amended its finding to state that no violation of this statute was alleged in the complaint; that it was not invoked during the presentation of evidence; and that the case was tried as one in common-law negligence. We are somewhat at a loss to understand the intent of this amendment, for the plaintiffs' claims of law in the finding state expressly that they did claim under the statute. While the intervening complaint does not contain any allegation sufficient to invoke the statute, that of the plaintiff Smith alleges negligence of Prosco "in that he was operating his said truck with improper brakes," and this, at least in the absence of objection, was a sufficient basis for a claim of negligence based on a violation of the statute. *Butler* v. *Hyperion Theatre Co., Inc.,* 100 Conn. 551, 559, 124 Atl. 220; *DeAntonio* v. *New Haven Dairy Co.,* 105 Conn. 663, 668, 136 Atl. 567; *Stevens* v. *Neligon,* 116 Conn. 307, 311, 164 Atl. 661.

It is not, however, necessary to discuss these matters further, because another consideration is decisive of this issue. In *Romansky* v. *Cestaro,* 109 Conn. 654, 145 Atl. 156, we had before us the statute of which § 606c is an amendment. Public Acts, 1921, Chap. 400, § 40a. It provided that "Every motor vehicle . . . while in use upon the highway, shall be provided with at least two systems of brakes, each system of which shall be independent from the other, and of sufficient power to lock the wheels of the motor vehicle while such motor vehicle is in motion." We held, two judges dissenting, that in order to establish liability based upon negligence in a violation of the statute it was necessary to prove that the defect was due to the negligence of the owner or operator. In *Madison* v. *Morovitz,* 122 Conn. 208, 213, 188 Atl. 665, we pointed out that the decision in the *Romansky* case was made

in March, 1929, and that by an amendment made in 1929 the legislature in effect made the statute conform with the view expressed in the minority opinion in the *Romansky* case and showed its intent that the liability of an operator would arise if at any time his brakes ceased to be in good working order, without regard to negligence on his part. The 1929 act provided that "Each motor vehicle . . . operated in or upon any highway of this state shall be provided with brakes adequate to control the movement of such vehicle, which brakes shall conform to the rules and regulations made by the commissioner of motor vehicles and shall, at all times, be maintained in good working order." Public Acts 1929, Chap. 297, § 18. As far as the statement in the *Madison* case goes, it is applicable to the statute before us, and a failure to have a motor vehicle provided with brakes adequate safely to control its movement or to maintain them at all times in good working order is negligence per se, whether or not the defect is due to any negligence on the part of the owner or operator. The 1929 statute made, however, other changes in the language of the previous act, one of which is relevant to the situation before us. The earlier act used the words "two systems of brakes, each system of which" was required to have sufficient power to lock the wheels of a motor vehicle. The 1929 act, like the one before us, speaks only of "brakes," and it may well be that the legislature, in imposing a rather drastic regulation, purposely intended to restrict the application of the statute so that it would apply only to "brakes" and not to related parts of a motor vehicle. However that may be, the statute does not apply unless the "brakes" are defective. The ineffectiveness of the brakes on the truck driven by Prosco was due to the breaking of a rear axle shaft inside the rear axle housing, and the use of

that shaft is to propel the car. It is not found, nor are we asked to correct the finding to show, that the axle shaft was any part of the brakes on the car, and we certainly cannot so hold as matter of law. It follows that the statute is not shown to be applicable in this case, and the breaking of the axle shaft could not be found, upon this record, to be the basis of a claim that there had been a violation of the statute.

From the finding it appears that after the axle broke the foot brakes were insufficient to control the truck as it went down the grade. It does not follow from this, as the plaintiffs claim, that there was a violation of the statute as regards these brakes. The trial court has found that they were in good working order. The last sentence in the quotation we have made from the statute establishes a standard by which the adequacy of brakes may be tested. The regulations prescribed by the commissioner of motor vehicles are not found, nor is it found that the foot brakes were inadequate to meet the standard established in them. It is true that we are asked to add to the finding a statement that the foot brakes were inadequate. It is a fair assumption that the regulations require that brakes, to be adequate, shall be of sufficient power to stop a motor vehicle going at a certain speed within a certain distance on a substantially level paved road. Be that as it may the fact that in this case the application of the foot brakes alone would not stop or control the truck as it proceeded down the descending grade of the street affords no basis upon which we could hold the only reasonable inference to be that they were inadequate to meet the test established by the regulations of the motor vehicle commissioner. We cannot correct the finding to show that they were inadequate.

Some four months after all steps had been taken to perfect the appeal of the plaintiff Smith, the interven-

ing plaintiff filed a motion to be permitted to amend its complaint to include the allegation that Prosco was operating his truck with improper brakes. The judge who had tried the case had at that time ceased to hold office, but he nevertheless allowed the amendment. A motion was made in the Superior Court to strike this amendment out, but was denied without prejudice by another judge who was then in office. The defendants have filed in this court a motion to strike it out. From what we have said, it sufficiently appears that the amendment, whether or not properly allowed, would have no effect upon the decision of the case. However, we point out that it is not the function of this court to strike out pleadings which have been filed in the Superior Court. Although the matter arose after the appeal had been taken, it presented one of those situations where the ruling of the trial court might have been assigned as error in the appeal. *First National Bank* v. *Ferguson,* 129 Conn. 374, 376, 28 Atl. (2d) 87; Conn. App. Proc., p. 7, § 4. The motion is denied.

There is no error.

In this opinion ELLS and DICKENSON, Js., concurred.

JENNINGS, J. (dissenting). I dissent from so much of the opinion as holds that the statute is inapplicable. The accident was the direct result of the inability of Prosco to control the truck with his brakes. The statute (606c) reads, in part, as follows: "Each motor vehicle . . . shall be provided and equipped with brakes adequate to safely control the movement of such vehicle. Such brakes shall at all times be maintained in good and sufficient working order . . ." The majority opinion interprets the *Madison* case as holding that "a failure to have a motor vehicle provided with

brakes adequate safely to control its movement or to maintain them at all times in good working order is negligence per se, whether or not the defect is due to any negligence on the part of the owner or operator." It is a fair conclusion from the wording of this statute and this interpretation thereof that the legislature was attempting to safeguard operation rather than to prescribe a technical requisite as to mechanical equipment. To accomplish this the word "brakes" must be construed to include every mechanical part of the truck essential to their effective operation.

The brakes on the defendants' truck failed to conform to either of the standards laid down by the quoted portion of the statute. They were not adequate to control the movement of the vehicle; they were not maintained at all times in good and sufficient working order. The finding is that the truck was out of control. It seems to me that the construction placed upon the finding and statute is too narrow and fails to give effect to the legislature's intention as expressed in the act.

In this opinion BROWN, J., concurred.