EDWARD J. MALONEY *v.* COMMISSIONER OF
MOTOR VEHICLES

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE NO. 110502

Memorandum filed August 2, 1974

*Irving W. Pasternak,* of Waterbury, for the plaintiff.

*Robert K. Killian,* attorney general, and *Cornelius F. Tuohy,* assistant attorney general, for the defendant.

LEVINE, J. The plaintiff holds a Connecticut operator's license. On February 23, 1972, he was operating a heavy, ten-wheel dump truck, owned by his employer, B. N. Beard Company, southbound on route 8, in Shelton, Connecticut. At the base of the Howe Street exit ramp, a Ford Falcon, operated by Walter Walsh, was stopped for a red light, behind a large trailer truck. The plaintiff's truck collided with the rear end of the Walsh vehicle, fatally injuring Walsh.

I

The first hearing in this case, under § 14-111 (c) of the General Statutes, was held on July 25, 1972, to determine whether the plaintiff's license should be suspended. A decision by the defendant on sus-

pension was reserved, pending an opportunity for presentation of additional evidence. This took place on December 5, 1972. By letter dated July 20, 1973, the defendant found that the plaintiff had violated §§ 14-111 (c), 14-222, and 14-267 of the General Statutes and ordered his license suspended for one year.

At the request of the plaintiff, a rehearing was held on October 3, 1973. Pursuant to a letter of an adjudicator for the defendant dated January 24, 1974, the plaintiff was found guilty of a violation of the above three statutes. Accordingly, the plaintiff's license was again ordered suspended for a period of at least one year. The present appeal is prosecuted from the order dated January 24, 1974.

## II

The plaintiff had been employed as a truck driver for some fifteen years, prior to the accident. The accident occurred about 8:55 a.m., and the temperature at that time was about zero. The plaintiff picked up his truck at the Beard garage and tested the brakes. Both the foot brake and trolley brake were working properly. He then drove the truck down to the Naugatuck river to take on a load of gravel, which came from the river bed. In order to take on the load, the plaintiff drove his truck through two spans of water. The water he drove through was about eighteen inches in depth.

The plaintiff, after leaving the river with a load of wet gravel, applied his brakes at a Texaco station. They allegedly seemed to be operating properly, although the plaintiff did not come to a full stop. As the plaintiff approached the exit ramp on which the accident happened, he applied the brakes, but they did not function. He tried the foot brake and the trolley brake, without success. He thought that he had the truck in second gear at the time of

the collision with the Walsh vehicle. His truck was traveling thirty-five to forty miles per hour just prior to the collision.

The plaintiff's truck was registered for a maximum weight of 53,800 pounds. The truck later was found to weigh 62,160 pounds, or some 8,360 pounds over the legal limit.

At the time of the accident, the road was dry, and visibility was good. On the morning of the accident, about three or four trucks owned by the Beard Company had trouble with their braking systems, owing to ice formation. David O'Connor, superintendent of transportation for the Beard Company, in testifying as to the cause of the brake failure, stated that water from the river must have splashed on the brake drums; that the water fell on the foot valve and turned to ice; and that ice on the foot valve was the responsible cause of the brake failure on the plaintiff's truck. Jerry Pison, chief mechanic for the Beard Company, likewise testified that the cause of the accident was icing of the brakes.

The plaintiff asserted at the hearing of October 3, 1973, that there was nothing that he could have done to avoid the accident, under the circumstances.

The plaintiff principally objects to his culpability under §§ 14-111 (c) and 14-222 of the General Statutes. As to the overload statute, § 14-267, his explanation is that another person supervised the loading of the truck and that he was unaware of the excess weight.

The defendant's finding and order must stand, except as modified by the comments in section III hereinbelow.

### III

The defendant's "Second Conclusion," in his order of January 24, 1974, is that the plaintiff vio-

lated § 14-222 of the General Statutes in that he operated his vehicle recklessly, and in a manner which endangered the life of another person. The defendant's brief mentions § 14-222 only in passing. The brief does not make a persuasive showing, either on the law or the facts, to bolster the defendant's contention. Next, a review of the adjudicator's finding of facts, and the record, does not disclose evidence of sufficient probative force to establish this violation.

Recklessness requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it, or with knowledge of facts which would disclose such danger to any reasonable man. *Mooney* v. *Wabrek,* 129 Conn. 302, 308. Recklessness is more than negligence, and more than even gross negligence. *Bordonaro* v. *Senk,* 109 Conn. 428, 431; *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 199.

The entire record warrants a conclusion that the plaintiff was guilty of simple negligence. Such negligence as was found by the defendant was not of the exacerbated type which could be legitimately classified as reckless misconduct under § 14-222. The defendant's second conclusion of law was clearly erroneous. General Statutes § 4-183 (g).

## IV

The defendant's first conclusion, based on § 14-111 (c) of the General Statutes, entitled "Suspension of license after fatal accident," has merit.

Section 14-80 (a) of the General Statutes required that each motor vehicle be equipped with a braking system, maintained at all times in good working order, "adequate to control the movement of and to stop and hold such vehicle." A violation of this statute is negligence per se, whether or not

the defect is due to the negligence of the operator. *Smith* v. *Finkel,* 130 Conn. 354, 359. It is clear that such negligence on the part of the plaintiff was likewise the proximate cause of the accident. Thus, in the plaintiff's own motor vehicle accident report, an exhibit, the plaintiff himself, in referring to "Contributing Circumstances," checked the box in the form captioned "Inadequate Brakes."

On the basis of the evidence, the malfunctioning of the brakes arose from formation of ice thereon. The probable source of the water deposits leading to the ice was the plaintiff's trip through portions of the Naugatuck river. The plaintiff was not a novice as a truck driver. In view of the zero temperature on February 23, 1972, it was not reasonable or prudent for the plaintiff to expose his truck to the risk of ice formation on the brake parts, with the concomitant hazard of subsequent brake failure.

The estimated speed of thirty-five to forty miles per hour as the plaintiff descended the ramp permits another inference of negligence, having in mind the weight of the truck and its substantial overload.

Certainly, the plaintiff did not have his truck under proper or reasonable control as he began to descend the exit ramp.

V

The sole explanation offered by the plaintiff, with respect to the violation of § 14-267 of the General Statutes, is that he did not load the gravel on the truck, nor was it his duty to weigh the load. He professed ignorance of the precise weight of the gravel.

The short answer is that operation of the overweight truck was negligence per se. *Smith* v. *Finkel,* supra, 357. The statute requires strict accountability by the operator, irrespective of his knowl-

edge, or claimed lack of knowledge, of the overload. *State* v. *Lesnewsky,* 2 Conn. Cir. Ct. 30, 33. When the plaintiff operated the overloaded truck on the highway, he did so at his risk. *State* v. *Salone,* 22 Conn. Sup. 482, 489, 1 Conn. Cir. Ct. 99.

The defendant could reasonably find that the plaintiff's violation of § 14-267, resulting in an overload of the truck, and therefore accompanied by increased difficulty in braking, caused or contributed to the death of Walsh, under § 14-111 (c).

### VI

It is axiomatic that under the Uniform Administrative Procedure Act; General Statutes, c. 54; it is not the function of this court to retry the case. If the decision of the defendant is reasonably supported by the evidence, it must be sustained. *Demma* v. *Commissioner of Motor Vehicles,* 165 Conn. 15, 17.

It has been seen, in section III hereinabove, that the defendant's finding of a violation of § 14-222 was error. Other than that, there was reliable, probative and substantial evidence to support the claimed violations of §§ 14-111 (c) and 14-267, under the Uniform Administrative Procedure Act.

Accordingly, the plaintiff's appeal is dismissed.