[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 14, 1995
The present action arises out of a motor vehicle accident which allegedly occurred on June 5, 1989. In a revised complaint filed on November 17, 1994, the plaintiffs, Richard Maynard, Marland Maynard, and Marland Maynard as executor of the estate of Mabel Maynard, allege that their motor vehicle was struck from behind by a motor vehicle operated by the defendant, Joseph Bartnic (also referred to as Joseph Bartovic). The revised complaint is brought in six counts, two on behalf of each plaintiff. The first, third and fifth counts assert negligence claims against the defendant. In the second, CT Page 2510-NN fourth and sixth counts, the plaintiffs assert strict tort liability claims against the defendant based on his alleged violation of General Statutes § 14-80h.
On December 13, 1994, the defendant filed a motion to strike (#192) the second, fourth and sixth counts of the plaintiffs' revised complaint and a memorandum of law. The defendant moves to strike these counts on the ground that they are barred by the applicable statute of limitations, and on the ground that they are legally insufficient because they purport to assert strict liability claims based on the defendant's alleged violation of § 14-80h. On December 28, 1994, the plaintiffs filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The allegations of the pleadings are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support . . . a cause of action, the motion to strike must fail." Mingachos v.CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985).
 A. Whether the plaintiffs can state legally sufficient strict liability claims pursuant to General Statutes § 14-80h.
General Statutes § 14-80h provides in pertinent part that:
 (a) Each motor vehicle . . . shall be equipped, when operated on a highway, with at least two braking systems one of which shall be a service brake system and the other a parking brake system . . . Each braking system, including any power assist devices used to reduce operator braking effort, shall be maintained in good working order at all times.
CT Page 2510-OO
(Emphasis added.) Initially, this statute was interpreted as imposing a negligence per se standard of care upon the operator. "[A] failure to have a motor vehicle provided with brakes adequate safely to control its movement or to maintain them at all times in good working order is negligence per se, whether or not the defect is due to any negligence on the part of the owner or operator." Smith v. Finkel, 130 Conn. 354, 359,34 A.2d 209 (1943). See also Madison v. Morovitz,122 Conn. 208, 214, 188 A. 665 (1936). However, inVingiano v. Frisco, 1 CSCR 318 (May 19, 1986) (Berdon, J.), a case in which the plaintiffs alleged that the defendant's vehicle collided into the rear of their vehicle due to the failure of the defendant's brakes, the court ruled that § 14-80h imposed strict tort liability for defective brakes on the operator of the vehicle based on the language in the statute which states that the vehicle's braking system "shall be maintained in good working order at all times." Id., 319.[1]
In Gore v. People's Savings Bank, 35 Conn. App. 126
(1994), the court noted the distinctions between statutory negligence per se and statutory strict liability as follows:
 Pursuant to § 288A of the Restatement (Second) of Torts, a defendant can rebut an allegation of negligence per se through proof of an excuse for the violation. Section 288A provides that, unless the statute is construed not to permit an excuse, the violation of such a statute "is excused when (a) the violation is reasonable because of the actor's incapacity; (b) he neither knows nor should know of the occasion for compliance; (c) he is unable after reasonable diligence or care to comply; (d) he is confronted by an emergency not due to his own misconduct; [and] (e) compliance would involve a greater risk of harm to the actor or to others." (Emphasis added.) In the case of strict liability, however, the defendant is liable without fault upon proof of the violation of the statute and proximate causation. When an excuse is not permitted under the construction of the applicable statute, strict liability exists. CT Page 2510-PP
Id., 131. In Vingiano v. Frisco, supra, 1 CSCR 319, the court noted that the question of whether the supreme court would recognize excuses for violations of § 14-80h
(or other strict liability statutes) was unresolved. Nevertheless, the court, based on the evidence and admissions, imposed strict liability on the defendant and granted summary judgment in favor of the plaintiffs on the issue of liability. Id.
Connecticut General Statutes § 14-80h provides, in pertinent part, that braking systems "shall be maintained in good working order at all times," and does not expressly excuse violations of this statutory mandate. Thus, the plaintiffs' strict liability claims pursuant to § 14-80h, as alleged in the second, fourth and sixth counts, are legally sufficient.
 B. Whether the plaintiffs' strict liability claims relate back to the filing of the original complaint.
In arguing that the plaintiffs' strict liability claims do not relate back to the commencement of this action, the defendant is essentially arguing that the plaintiffs filed their strict liability claim after the applicable statute of limitations had expired. Ordinarily, the statute of limitations defense is raised by way of a special defense pursuant to Practice Book § 164. Mac'sCar City, Inc. v. DeNegris, 18 Conn. App. 525, 528,559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1356
(1989). An exception to this rule exists which allows the statute of limitations issue to be raised on a motion to strike where all the facts establishing the defense are apparent from a reading of the complaint.Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170,171-72, 127 A.2d 814 (1956). See Allen v. Endrukaitis,35 Conn. Sup. 286, 288, 408 A.2d 673 (Super.Ct. 1979) (relation back issue may be addressed in the context of ruling on a motion to strike).
"An amended complaint, if permitted, relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action."Jonap v. Silver, 1 Conn. App. 550, 556, 474 A.2d 800
(1984). "To relate back to the institution of the action CT Page 2510-QQ the amendment must arise from a single group of facts." Keenan v. Yale New Haven Hospital, 167 Conn. 284,285, 355 A.2d 253 (1974).
 A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated.
(Citations omitted.) Sharp v. Mitchell, 209 Conn. 59,71-72, 546 A.2d 846 (1988).
The plaintiffs allege in their original complaint that the defendant violated § 14-80h. The plaintiffs added the term "strict liability" to their § 14-80h claim in the amended complaint filed on August 19, 1994. In the revised complaint which is the subject of the present motion to strike, the plaintiffs separated their strict liability claim into three counts (one count on behalf of each plaintiff).
Since the plaintiffs alleged that the defendant violated § 14-80h in their original complaint, this claim has been part of the action since its inception. Even though the plaintiffs subsequently amended their complaint to include the term "strict liability," this amendment does not add any additional facts to the case, as the term "strict liability" is merely a legal conclusion. The facts that the plaintiffs would be required to prove in order to prove a cause of action pursuant to § 14-80h remained the same throughout this action, regardless of whether the plaintiffs allege negligence pursuant to § 14-80h or "strict liability" pursuant to § 14-80h. In either case, the plaintiffs would be required to prove: (1) that the defendant violated § 14-80h because his brakes were not in good working order at the time of the accident; and (2) that this violation was the proximate cause of the accident.Gore v. People's Savings Bank, supra, 35 Conn. App. 131. Accordingly, the court concludes that there is no statute or limitations violation in the present action, in view of CT Page 2510-RR the plaintiffs claims that the defendant violated § 14-80h
have been included in this action since its commencement. Since the amended complaint relates back to the time of the filing of the original complaint, the statute of limitations has not expired.
Accordingly, the court denies the defendant's motion to strike the second, fourth and sixth counts of the plaintiffs' revised complaint.