[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#125)
The plaintiff, Philip Blasius, commenced this action against the defendants, Amit Levitin, Moishe's Moving Storage, Inc. (Moishe's Moving), and Mahogany Leasing, Inc. (Mahogany), to recover damages for injuries allegedly sustained in a motor vehicle accident.[1] The plaintiff alleges that on January 28, 1993, he was stopped at a red traffic signal on the Exit 8 exit ramp off Interstate 95 in Stamford, Connecticut when his vehicle was hit from the rear by a vehicle operated by defendant Levitin, leased to Moishe's Moving, and owned by Mahogany. According to the plaintiff's complaint, at the time of the accident, Moishe's Moving was leasing the defendants' vehicle from Mahogany, and Levitin was operating the vehicle within the scope and course of his employment with Moishe's Moving. As a result of the accident, the plaintiff claims to have suffered serious and permanent injuries.
The plaintiff's complaint consists of three counts. In the first count, the plaintiff alleges that his injuries were caused by defendant Levitin's negligence in that Levitin, among other things, CT Page 5944 operated the defendants' vehicle with inadequate brakes in violation of General Statutes § 14-80h. In the second count, the plaintiff alleges that Moishe's Moving is liable for the negligence of defendant Levitin as Levitin's employer. The plaintiff also claims in the second count that Moishe's Moving was negligent in allowing Levitin to operate the leased vehicle without proper and adequate training. In the third and final count, the plaintiff alleges that Mahogany, as the owner and lessor of the vehicle operated by defendant Levitin, is liable for the plaintiff's damages to the same extent as defendant Levitin pursuant to General Statutes § 14-154a and § 388 of the New York Vehicle Traffic Law.
The defendants filed an answer on March 28, 1995, denying the plaintiff's allegations of negligence, but admitting that Moishe's Moving was the lessee of the vehicle that struck the plaintiff's vehicle, and that defendant Levitin was operating the defendant's vehicle as the agent, servant, and/or employee of defendant Moishe's Moving within the scope of and in the course of his employment. Answer, ¶¶ 8 and 9. It is further admitted that at the time of the accident, Mahogany was the owner and lessor of the vehicle which was operated by defendant Levitin and which struck the plaintiff, and that defendant Levitin was an authorized driver under the terms of the leasing/rental contract. Answer, ¶¶ 27 and 28. Contributory negligence is not alleged in the defendants' answer.
On September 12, 1996, the plaintiff filed a motion for partial summary judgment (#125) on the issue of liability. In support of this motion, the plaintiff filed a memorandum of law, along with an affidavit by the plaintiff and other supporting documentary evidence. The defendants filed an opposing memorandum of law on September 30, 1996, along with a copy of an excerpt from the plaintiff's deposition. The plaintiff filed a reply memorandum Short Calendar on January 13, 1997.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by CT Page 5945 showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.) Home Ins. Co.v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
(1995). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v.Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). Where it is established that there are no genuine issues of fact regarding liability, however, the court may render an interlocutory summary judgment. Hamill v. Smith, 25 Conn. Sup. 183, 186, 199 A.2d 343
(Super.Ct. 1964).
The plaintiff essentially argues that there is no genuine issue of material fact and that he is entitled to summary judgment on the issue of liability because defendant Levitin has admitted that he failed to stop and struck the plaintiff's vehicle because his brakes were inadequate. In support of this argument, the plaintiff has submitted an affidavit in which he attests that Levitin explained to the plaintiff after the accident that he was "unable to stop in time because his brakes did not work." Plaintiff's Exhibit B, Affidavit of Philip Blasius, ¶ 8. See also Plaintiff's Exhibit A, Deposition Transcript of Philip Blasius, pp. 44-45 (same). In addition, the plaintiff has submitted a copy of the police accident report which indicates that Levitin stated that "he applied his brakes but couldn't stop in time." Plaintiff's Exhibit C, Police Accident Report, p. 2. Such statements to an investigating police officer constitute "admission[s] of a party-opponent" and are "admissible on those grounds as an exception to the hearsay rule." Bonner v. Winter, 175 Conn. 41, 44, 392 A.2d 436
(1978).
Although the defendants challenge the sufficiency of this evidence and argue that it is insufficient to remove the issue of negligence from the field of conjecture and surmise, they have failed to submit any evidence, by way of a counteraffidavit or other documentary evidence, to contradict the plaintiff's evidence. The failure of the nonmoving party to controvert by affidavit or otherwise any of the facts set forth in the moving party's affidavit entitles the court to rely on those facts as stated.Fogarty v. Rashaw, supra, 193 Conn. 444-45. Furthermore, "[i]n a summary judgment motion, the parties are entitled to consideration, not only of the facts presented by their affidavits, but of the inferences which could be reasonably and logically drawn from them as well." (Internal quotation marks omitted.) De Dominicis v.CT Page 5946American National Fire Ins. Co., 2 Conn. App. 686, 687,483 A.2d 616 (1984).
General Statutes § 14-80h (a) provides in pertinent part: "Each motor vehicle . . . shall be equipped, when operated on a highway, with at least two braking systems . . . . Each braking system . . . shall be maintained in good working order at all times." (Emphasis added.). "[A] failure to have a motor vehicle provided with brakes adequate safely to control its movement or to maintain them at all times in good working order is negligence perse, whether or not the defect is due to any negligence on the part of the owner or operator." (Emphasis added.) Smith v. Finkel,130 Conn. 354, 359, 34 A.2d 209 (1943). See also Turner v. Scanlon,146 Conn. 149, 157, 148 A.2d 334 (1959) ("A violation of the statute constitutes negligence."); Hamill v. Smith, supra, 25 Conn. Sup. 185 ("A violation of the statute constitutes negligence as a matter of law."). Cf. Vingiano v. Frisco, Superior Court, judicial district of New Haven at New Haven, Docket No. 240142 (May 19, 1986, Berdon, J.) (1 C.S.C.R. 318, 319) (the court, in granting summary judgment in favor of the plaintiff, held that § 14-80h
imposed strict tort liability on the operator of a vehicle with defective brakes).
The plaintiff's affidavit along with the police accident report indicate that the accident was caused by the failure of the defendants' brakes. The failure to maintain a vehicles braking system in good working order in violation of General Statutes §14-80h (a) constitutes negligence per se. Smith v. Finkel, supra,130 Conn. 359. The defendants have failed to submit any evidence, by way of a counteraffidavit or other documentary evidence, to refute the plaintiff's evidence.[2] Thus, the evidence submitted by the plaintiff establishes a rear-end collision without explanation except for the failure of the defendants' brakes. "It follows that there is no issue on the question of the proximate cause of the resulting collision of the two vehicles. Therefore, on the questions of negligence and proximate cause there remains nothing to litigate." Hamill v. Smith, supra, 25 Conn. Sup. 185-86 (granting the plaintiff's motion for partial summary judgment based on a violation of § 14-80 (now § 14-80h)). The plaintiff's motion for summary judgment on the issue of liability is granted as to the first count.
The plaintiff also argues that Moishe's Moving, as Levitin's employer, is liable for Levitin's negligence under the doctrine of respondeat superior. In support of this argument, the plaintiff CT Page 5947 relies on the admissions by Moishe's Moving in the answer that it was the lessee of the vehicle that struck the plaintiff's vehicle and that, at the time of the accident, Levitin was its agent and was acting in the scope and course of his employment. Answer, ¶¶ 8 and 9. Furthermore, the plaintiff argues that defendant Mahogany is liable for defendant Levitin's negligence pursuant to General Statutes § 14-154a. Mahogany has admitted that it is the owner and the lessor of the vehicle which struck the plaintiff and that Levitin was an authorized driver of that vehicle. Answer, ¶¶ 27 and 28.
"It is the universally accepted rule that an employer or master is liable for the torts of his employee or servant committed within the scope and course of employment, based on the doctrine of respondeat superior." 57B Am.Jur.2d 454, Negligence § 1762 (1989). See Pelletier v. Bilbiles, 154 Conn. 544, 547,227 A.2d 251 (1967) ("A master is liable for the wilful torts of his servant committed within the scope of the servant's employment and in furtherance of his master's business."). Moishe's Moving has admitted that at the time of the accident Levitin was its agent and/or employee and that he was acting in the scope of and in the course of his employment. Moishe's Moving is liable for the negligence of defendant Levitin under the doctrine of respondeat superior. The plaintiff's motion for partial summary judgment on the issue of liability is granted as to the second count.
General Statutes § 14-154a provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." The Connecticut Supreme Court has "consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one inlawful possession of it pursuant to the terms of the contract ofrental." (Internal quotation marks omitted; emphasis in original.)Pedevillano v. Bryon, 231 Conn. 265, 268, 648 A.2d 873 (1994).
In the present case, Mahogany has admitted that at the time of the accident it was the owner and lessor of the vehicle that struck the plaintiff's vehicle and that Levitin was an authorized driver under the terms of the leasing/rental agreement. Mahogany is liable to the same extent as defendant Levitin pursuant to General Statutes § 14-154a. The plaintiff's motion for summary judgment on CT Page 5948 the issue of liability is granted as to count three.
KARAZIN, J.