MYRNA KINNE *v.* AMY DEBESSE ET AL.
(12790)

FOTI, LAVERY and FREEDMAN, Js.

Argued June 3—decision released August 2, 1994

*Constance L. Epstein,* with whom, on the brief, were *Jack G. Steigelfest* and *Ruth A. Tower,* for the appellants (named defendant et al.).

*Irena J. Urbaniak,* with whom, on the brief, was *Sharon L. Ramsay,* for the appellee (defendant and third party defendant George Kinne).

LAVERY, J. The defendants and third party plaintiffs Amy DeBesse and Nancy DeBesse, appeal from the summary judgment rendered in favor of the defendant and third party defendant George Kinne. On appeal, the third party plaintiffs claim that the trial court improperly found that no genuine issue of material fact existed regarding Kinne's negligence. We reverse the judgment of the trial court.

This action resulted from an automobile accident in which an automobile driven by Amy DeBesse struck George Kinne's automobile from behind. At the time of the accident, DeBesse was driving a car owned by her sister, Nancy DeBesse; the plaintiff, Myrna Kinne, was a passenger in the car driven by George Kinne. The plaintiff sued the DeBesses claiming damages resulting from negligence. The DeBesses impleaded and filed a third party complaint against George Kinne, grounded in negligence.

George Kinne moved for summary judgment, claiming that there existed no genuine issue regarding his alleged negligence. The motion was supported by transcripts of the depositions of Amy DeBesse, Myrna Kinne, and George Kinne, together with the police accident report, and an affidavit of George Kinne. The trial court found that there was no genuine issue regarding George Kinne's alleged negligence and granted summary judgment over the objections of the DeBesses.

The standards governing our review of a trial court's decision on a motion for summary judgment are clear. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Lees* v. *Middlesex Ins. Co.,* 219 Conn. 644, 650, 594 A.2d 952 (1991); *Trotta* v. *Branford,* 26 Conn. App. 407, 409, 601 A.2d 1036 (1992). While the burden of showing the nonexistence of any material fact is on the party seeking summary judgment; see *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980); "the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Citations omitted; internal quotation marks omitted.) *Bassin* v. *Stamford,* 26 Conn. App. 534, 537, 602 A.2d 1044 (1992). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984). " 'The test is whether a party would be entitled to a directed verdict on the

same facts. (Internal quotation marks omitted.) *Trotta v. Branford,* supra, 410.' " *Cortes* v. *Cotton,* 31 Conn. App. 569, 573, 626 A.2d 788 (1993).

The evidence before the trial court reveals that the accident occurred at the intersection of Water Street and Crystal Avenue in New London. The intersection is controlled by a traffic signal. Crystal Avenue intersects with Water Street from the east, and does not continue west beyond Water Street. Kinne's car was located in the left lane of Water Street, headed north, when struck. Kinne admitted in his deposition that he was stopped, waiting to turn and head south on Water Street. The parties disagreed on the color of the traffic signal at the time of the accident and whether the left lane of Water Street was reserved for left turns.

On the basis of this evidence, the trial court found that Kinne had demonstrated that no genuine issue existed regarding his negligence. Further, the trial court ruled that the DeBesses had not rebutted that demonstration. We note that the trial court must view the evidence in the light most favorable to the nonmovant. Id. In this case, such a view reveals that the evidence supports the contentions of the third party plaintiffs. If the traffic signal was green and if the left lane was not reserved for left turns, a trier of fact could reasonably conclude that Kinne acted negligently by attempting a U-turn at that intersection at that time. Thus, Kinne would not be entitled to a directed verdict on these facts. Therefore, a genuine issue of material fact exists and the trial court improperly granted summary judgment.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.