[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
This is a one-count complaint based on negligence seeking damages for injuries arising out of a motor vehicle accident. The defendant filed an answer either denying or leaving the plaintiff to her proof regarding the allegations contained within her complaint.
The plaintiff filed a motion for summary judgment as to liability only along with a memorandum of law, her affidavit and the police report concerning the accident. The plaintiff attests that her vehicle was stationary when she was hit from behind by the defendant and that the impact propelled her vehicle into the CT Page 6822 lane of an oncoming vehicle. The defendant submitted a memorandum in opposition to the plaintiff's motion for summary judgment but did not submit any supporting documentation to refute the plaintiff's affidavit.
"Pursuant to Practice Book Section 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381." (Citations omitted.) Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (1990). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 579, 573 A.2d 699 (1990).
The defendant correctly argues that, as a general rule, summary judgment is "especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law." Michaud v. Gurney, 168 Conn. 431, 434,362 A.2d 857 (1975). However, if the opposing party fails to file affidavits, the court may decide the motion by relying upon the facts asserted in the' movant's affidavits alone. Kakadelis v.DeFabritis, 191 Conn. 276, 280-81, 464 A.2d 57 (1983). This court has found at least one other case where summary judgment was granted in a similar action because the opposing party failed to offer any evidence to controvert the moving party's evidence. SeeBonesi v. Conte, 3 CSCR 615 (June 23, 1988) (Maiocco, J.).
The particular facts of this case are that the plaintiff's vehicle was stationary, and the defendant's vehicle negligently struck her vehicle from behind. The defendant failed to offer evidence to controvert the plaintiff's allegations of negligence. Nor does he allege that the plaintiff or some other person was negligent. In this particular case, there are simply no facts in dispute, and no reason to deny summary judgment as to liability only. Accordingly, the plaintiff's motion for summary judgment as to liability is granted. CT Page 6823
Jonathan E. Silbert, Judge