[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 4, 1996
It is certainly true that negligence cases are peculiarly not appropriate for the granting of summary judgment motions. It is up to the jury to determine whether a defendant has breached a duty of care. A jury must decide the standard of care given the facts of a case and whether it has been met. Amendola, et al v.Geremia, et al, 21 Conn. App. 35, 38 (1990). Here the deposition of the defendant driver and the affidavit submitted by the plaintiff establish a prima facie case that the defendant negligently brought about contact between his vehicle and the plaintiff's vehicle. The defendant has offered nothing by way of CT Page 5507 affidavit or other documentation to rebut this.
The defendant does argue, however, that summary judgment should not be granted on the issue of liability. He has submitted an affidavit from the president of "Northeast Collision Analysis Inc." to the effect that the minor impact here was not sufficient to produce any injury. Thus there is a genuine issue of material fact as to whether any contact between the two vehicles "proximately caused" any injuries to the plaintiff. The defendant also points out that the plaintiff has presented no affidavits to indicate the contact between the vehicles proximately caused any injury to her.
First it should be noted that a defendant can offer expert testimony through affidavits pursuant to P.B. § 381 to oppose a motion for summary judgment. Barrett v. Danbury Hospital,232 Conn. 242, 250 (1995). But the court did say: "an expert's opinion is, for purposes of § 381, a `fact' that would be admissible at trial, assuming that the expert is qualified to render an opinion," id p. 252. Barrett obviously sanctioned the use of expert affidavit but such affidavits or documentation must at least give some indication to the court that the purported "expert" has the necessary expertise to give the opinion advanced in the affidavit. Here I am confined to the four corners of this affidavit and all the court is aware of is that the alleged expert is the president of a collision analysis agency. The nature of his expert field is not defined nor is the basis on which he can be defined as an expert in this field indicated except that he is the president of a company called "Northeast Collision Analysis, Inc." Nor is the court informed how any expertise in collision analysis could give this man the at least quasimedical expertise to conclude that the impact here caused no injury.
Leaving all that aside, however, it is true that the defendant does maintain that in any event the plaintiff has offered nothing to show her injuries were proximately caused by the impact between the two vehicles. This he argues is a necessary component of liability so that a motion for summary judgment cannot be granted as to liability. It necessarily follows that to grant the motion would be extremely unfair since at any subsequent hearing on damages the defendant would be precluded from raising the issue of proximate cause.
This is a novel argument but the court does not agree with CT Page 5508 it. P.B. § 385 divides the relevant world into "liability" and "damages" issues — if liability is established by the court's granting of the plaintiff's summary judgment motion then a hearing shall be held "to determine the amount of the damages."
At a hearing in damages how can the appropriate "amount" of damages be determined without a plaintiff establishing that the particular damages claimed were proximately caused by the actions of the defendant? In other words, the plaintiff must establish the proximate cause of the injuries and the cost of the injuries to the plaintiff after a judge has ruled any wrongful contact with the plaintiff was caused by the defendant's negligent or assaultive behavior. For example, if a chiropractic bill for $10,000 is submitted at the hearing in damages how can it be said that the defendant cannot show a portion of the bill was not occasioned by the subject accident but by an earlier incident or even an incident subsequent to the one being sued upon? Why couldn't the defendant also argue that the injuries suffered did not warrant such extensive treatment or even that no injuries were suffered so no treatment was required? Thus, the definition of "liability" in P.B. § 385 is a construct that should be interpreted in such a way as to allow the expeditious use of summary judgment procedure while at the same time preserving the rights of the parties.
Here there is no reason why the court cannot conclude, and the defendant offers no reasons why it should not, that the contact between the defendant's vehicle and the plaintiff's vehicle was caused by the negligent operation of his vehicle by the defendant. There is no material or genuine issue of fact on that question.
That being the case a summary judgment hearing can be held on the issue of damages where the plaintiff will have to establish that the defendant's negligence proximately caused any injuries to the plaintiff and also the cost of such injury to the plaintiff, past, present, and future.
In negligence instructions every day courts give a tripartite charge on negligence and whether it has been established, proximate cause, and damages. They can easily be separated out without confusion to the trier of fact and here defendant will have his day in court on the proximate cause question if summary judgment is granted as to liability. CT Page 5509
If the defendant's analysis is accepted numerous cases will be excluded from summary judgment exposure without any practical reason or reason based on fairness to justify such a position. I do not believe some common law definition of "liability" which might define liability to include proximate cause — even assuming such a definition exists — should dictate the operation of summary judgment procedure. A definition, the court might add, that was created before summary judgment procedure was even thought of by the courts or legislature. In other words, the court concludes P.B. § 385 should be interpreted to allow liability to be defined as the cause of the accident, that is whether the contact between the vehicles was caused by the defendant's negligence. The hearing in damages must then determine whether the accident or contact proximately caused any injuries and if so the cost of those injuries to the plaintiff which is the plaintiff's burden in any event.
The motion for summary judgment is granted as to liability only and as so defined and limited.
CORRADINO, J.