[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Motion for Summary Judgment
On May 23, 1996, the plaintiff, Denise Googe, filed a two count complaint against the defendants, Chris Hellandbrand and Tanya Shucherow, alleging the following facts. On September 13, 1995 at approximately 7:00 p.m., the plaintiff was the owner and operator of a motor vehicle that came to a complete stop in the northbound direction of Buckland Street, slightly south of its intersection with Pavilions Drive, in Manchester, Connecticut. At that time and place, the defendant, Chris Hellandbrand, was operating the vehicle owned by the defendant, Tanya Shucherow, in the northbound direction of Buckland Street when he caused the vehicle to crash into the rear of the vehicle operated by the plaintiff In her complaint, the plaintiff seeks damages for injuries sustained as as a result the motor vehicle accident. The plaintiff also seeks to recover for property damage and loss of earnings.
On May 23, 1996. the plaintiff filed a motion for summary judgment as to liability only on the ground that there is no genuine issue as to any material fact with respect to liability. In accordance with Practice Book § 380, the plaintiff filed a memorandum of law and a supporting affidavit. In her memorandum of' law in support of her motion, the plaintiff argues that it is well settled law that summary judgment motions as to liability are granted in cases involving rear-end automobile collisions. The plaintiff further argues that on June 18, 1996, in her request for admissions, the defendant operator admitted striking the rear of the plaintiff's vehicle. The defendants have failed to file any documents in opposition to the motion. On June 24, 1996, both parties appeared and presented oral argument before this court.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment CT Page 6237 as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530,620 A.2d 99 cert. denied, ___ U.S. ___, 114 S.Ct. 176, 126 L.Ed.2d 136
(1993). The trial court must view the evidence in the light most favorable to the nonmoving party. Barrett v. Danbury Hospital,232 Conn. 242, 250, 654 A.2d 748 (1995).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." (citations and internal quotation marks omitted.) Barrett v. Danbury Hospital,
supra, 232 Conn. 255.
"Both parties are required to file supporting documentation. Practice Book § 380; Batick v. Seymour, 186 Conn. 632, 645, n. 9, 443 A.2d 471 (1982). A party opposing a motion for summary judgment, `was entitled, indeed obligated, to file an affidavit reciting evidentiary matter to establish the existence of a genuine issue as to a material fact.' Conference Center Ltd. v.TRC, 189 Conn. 212, 217, 455 A.2d 857 (1983)." Williams v. Cityof Waterbury Board of Education, Superior Court, judicial district of Waterbury, Docket No. 115664 (July 15, 1994, Sylvester J.). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (citation omitted.) Hammer v. Luberman's MutualCasualty Co., 214 Conn. 573, 579, 573 A.2d 699 (1990).
In the present case, the defendants, the nonmovants, did not file any affidavits or an opposing memorandum of law to controvert the facts alleged by the plaintiff. Hence, the court may rely on the facts asserted by the plaintiff in deciding the motion for summary judgment. Although counsel for the defendants was present at short calendar for oral argument, the only argument advanced in opposition to the motion was that it was filed too early. The count finds this argument to be without merit.
Practice Book § 379 states that "any party may move for a summary judgment at any time . . ." Id. Prior to October 1, 1992, a motion for summary judgment could be filed only after the pleadings were closed. Howard v. Robertson, 27 Conn. App. 621, CT Page 6238 627, 608 A.2d 711 (1992). However, "[t]he rules in Connecticut no longer require that the pleadings be closed before a party may move for summary judgment." (citations omitted.) Engman v.Laschever, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 513197 (June 28, 1993, Hennessey, J., 9 Conn. L. Rptr. 312). The only condition mandated under the present rule is that a "party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial." Practice Book § 379. Accordingly, since the case has not yet been placed on the assignment list, the plaintiff did not need to obtain permission from the court to file the motion. Thus, the timing of plaintiff's motion for summary judgment is proper.
The court notes that, as a general rule, summary judgment is "especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." (citations and internal quotation marks omitted.) Spencer v. Good EarthResturant Corp., 64 Conn. 194, 198-99, 319 A.2d 403 (1972). However, if the opposing party fails to file affidavits, the court may decide the motion by relying upon the facts asserted in the movant's affidavits alone. Kakadelis v. DeFabritis, 191 Conn. 276,280-81, 464 A.2d 57 (1983). This court has found several cases where summary judgment was granted in similar actions because the opposing party failed to offer any evidence to controvert the moving party's evidence. See Lohr v. Tolman,
Superior Court, judicial district of New Haven at Meriden, Docket No. 365833 (June 5, 1995, Silbert, J., 14 Conn. L. Rptr. 470);Caseria v. Klass, Superior Court, judicial district of Ansonia Milford at Milford, Docket No. 039468 (October 20, 1992, McGrath, J., 7 CSCR 1266); Bonesi v. Conte, Superior Court, judicial district of New Haven at New Haven, Docket No. 267467 (June 23, 1988, Maiocco, J., 3 CSCR 615).
The particular facts of this case are that the plaintiff's vehicle was stationary, and that the defendant's vehicle struck her vehicle from behind. Plaintiff's uncontroverted affidavit clearly establishes a rear-end collision. The defendants did not controvert these facts by affidavit or other documentation. Furthermore, the defendants' answer does not allege contributory negligence as a special defense. In this case, there are simply no facts in dispute, and no reason to deny summary judgment as to liability only. CT Page 6239
For the foregoing reasons, the plaintiff's motion for summary judgment as to liability is granted.
Hennessey, J.