[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ISSUE OF LIABILITY
This case arises out of injuries alleged to have been suffered by the plaintiff as the result of a motor vehicle accident that occurred on August 15, 1995. The plaintiff has filed a motion for summary judgment on the issue of liability.
The plaintiff has filed two affidavits which the court consider on this motion but it will not take into account an uncertified copy of a police report also attached to the motion or a document which apparently purports to be a statement taken by an adjustor from the defendant shortly after the accident; it is not referred to in the plaintiff's memorandum and has not been certified or authenticated to the court's satisfaction.
The April 30, 1998 affidavit of the plaintiff states to following:
 1. The plaintiff claims he was operating in a northerly direction on Route 67.
 2. The defendant was operating in a southerly direction "when she attempted to make a left hand turn to make a U-turn to proceed in a northerly direction on Route 67."
 3. During the process of doing so, the defendant's vehicle struck the plaintiff's vehicle.
 4. After the accident, the defendant"apologized" to the plaintiff and said to him that the accident was her fault "because she didn't see [plaintiff's] motor vehicle until the collision." CT Page 7568
 5. The defendant also indicated this to a state trooper and also told the trooper that she pulled right into the path of the plaintiff's car and that the plaintiff had no way of avoiding her car.
The court will not take into account the fact that the trooper issued a ticket to the defendant for violation of §14-242. Also, the court will not consider the somewhat boilerplate assertions of common law and statutory negligence set forth the affidavit after the above mentioned factual allegations.
Also, the court does not believe it is appropriate to take into account what the plaintiff represents was "indicated" to the trooper. (See par. 5, supra). This is after all a motion to would be dispositive on the issue of liability and the court cannot rely on what it might surmise or what it thinks might be true but cannot be sure about. Cf. Evans Products Co. v.Clinton Bldg. Supply, Inc., 174 Conn. 512, 516 (1978). What does it mean to state in an affidavit that a party "indicated" certain information to another person, here a trooper? Does the plaintiff make this assertion because he heard the defendant make this statement to the trooper? Did the trooper tell the plaintiff she said this to him? Did some other person at the accident scene hear her say this to the trooper and then tell the plaintiff? The court has no way of answering these questions and therefore cannot determine whether it can use this information as a possible admission or whether it merely at this point can only be regarded as a double hearsay or second hand narration from a trooper whose affidavit or deposition on this matter has not been admitted.
The defendant has not submitted any affidavit in opposition to the plaintiff's motion. She argues that such a motion should only be granted where it is quite clear what the truth is and there is no real doubt as to the absence of any material fact.Yarow v. Teal Industries, 178 Conn. 262, 268 (1979);State v. Goggin, 208 Conn. 606, 616 (1988). The defendant also maintains that summary judgment is ill suited to issues of negligence. Fogarty v. Rashaw, 193 Conn. 442,446 (1984), cf. Spencer v. Earth Restaurant Corporation,164 Conn. 194, 198 (1972). In negligence cases ". . . the ultimate issue in contention involves a mixed question of fact and law and requires a trier of fact to determine whether the standard of care was met in a specific situation. . . . [T] he conclusion CT Page 7569 negligence is necessarily one of the fact." Michaud v. Gurney,168 Conn. 431, 434 (1975).[1]
Because a party does not file affidavits or other documentation opposing a motion for summary judgment does not mean he or she cannot attack the sufficiency of the moving party's affidavits. Evans Products v. Clinton BuildingSupply Inc., Conn. 512, 513 (1978). But as noted in Moller 
Horton, Connecticut Practice, in their discussion of P.B. §17-45 (P.B. § 380): "If a nonmovant fails to submit facts showing an issue fact exists, the court is entitled to rely on the facts stated in the affidavit of the movant." Williamsv. City of Waterbury, Conn. L. Rptr. 158; Federal HomeLoan Mortgage Corp. v. Smith, 17 Conn. L. Rptr. 386 (1996); (see 1998 Rev. Supplem., p. 326 of Moller Horton).
Also, the mere filing of denials to the complaint or special defenses should not immunize a defendant from summary judgment.Centerbank F/K/A The Banking Center v. Silvermine InvestmentCorp. , 8 Conn. L. Rptr. 61 (1992); to raise a genuine issue material fact forestalling the granting of summary judgment "requires [a] party to bring forward before trial evidentiary facts or substantial evidence outside of the pleadings. . . ."Wadia Enterprises Inc. v. Hirschfield,27 Conn. App. 162, 166 (1992).
In a case where a plaintiff files a motion for summary judgment and the defendant files no counter affidavits or documentation, what all of this means is that the defendant suffers the risk of having summary judgment on liability enter once, but only if the plaintiff has first, by its affidavits and documentation, established a prima facie case that the motion should be granted; that is what Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578 (1990) and State v.Goggin, 208 Conn. 606, 616 (1988) appear to say.
Do the facts alleged here support a prima facie case of negligence? First, it should be noted that, despite the admonitions of cases like Spencer, Fogarty, and Michaud, courts have granted summary judgment for the plaintiff in negligence cases involving motor vehicle accidents.Wasylink v. Stevens, et al.,17 Conn. L. Rptr. 528 (1996); Lohr v. Talman, 14 Conn. L. Rptr. 470
(1995); Hamil v. Smith, 25 Conn. Sup. 183 (1964);Moldavsky v. Kennedy, 13 Conn. L. Rptr. 168 (1995); CT Page 7570Klawitter v. Aesla, 3 Conn. L. Rptr. 37 (1990), also see non-motor vehicle casesDunn v. Bilger,14 Conn. L. Rptr. 46 (1995); A T T Communications v. CorsettiConstruction Co., 18 Conn. L. Rptr 10 (1996). Here. the court can assume the facts submitted by the plaintiff as established because those facts were not controverted by opposing evidence submitted by the defendant. The question still remains — do those facts, established as they may be, mandate a prima facie finding of negligence?
The plaintiff's affidavit states the defendant attempt make a left turn in order to make a U-turn so that she could proceed in the opposite direction on the highway — when she attempted to do this a collision resulted. Does this conclusively established negligence? This is not a rear end collision case or even a situation where it is incontrovertibly established that a defendant ran a red light or a stop sign and collided with a vehicle in a moving line of traffic that by definition had the right of way. As Judge Hodgson said in A T T Communicationv. Corsetti Construction, "Summary Judgment is not appropriate as to negligent claims if the harm could have occurred for some reason other than negligence as in the instantaneous events and judgment involved in motor vehicle collisions." 18 Conn. L. Rptr. at page 12. Even if it was improper for the defendant to make a left turn in order to make a U-turn it cannot be said that these common law or statutory violations can be presumed to have proximately caused the accident. This is a bare bones affidavit that says nothing about the relative positions of the vehicles in relation to other, their speed, the nature of the roadway, et cetera. All the affidavit really says is that after a certain maneuver was made by driver B she collided with a vehicle driven by driver A. That is not enough to establish a prima facie case for negligent activity.[2] Also, the purported admission of the defendant leaves something to be desired. She apologized and said the accident was her fault because she did not see the plaintiff's motor vehicle. She only admitted fault based on one supposition — she state that the accident occurred because she did not see the plaintiff's car. But her failure to see the car is relevant on the issue of negligence only if given all the surrounding circumstances the defendant ought to have been able to see the vehicle or should have had her car under such control that would have permitted to see the vehicle. How can I deduce either of these propositions from the bare facts presented? CT Page 7571
There just has not been enough information provided as to the circumstances of this accident for the court to conclude that on the facts submitted a prima facie finding of negligence is necessitated because it is the only reasonable explanation for the accident that occurred. The motion is denied.
Corradino, J.