[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This action concerns plaintiff's claims for personal injuries, which allegedly caused the death of Lena St. Pierre (the "decedent"), as the results of an automobile accident which occurred on June 22, 1998 in Berlin, Connecticut. By motion for summary judgment, dated July 7, 2000 (the "Motion"), defendants Ian Copperthite and James Copperthite (the "movants" or the "Copperthite defendants") seek judgment in their favor. Oral argument was heard on July 31, 2000. For the reasons stated below, the court denies the Motion.
PROCEDURAL BACKGROUND AND FACTS
By Amended Complaint, dated June 7, 1999 (the "complaint"), plaintiff alleged that he is the decedent's administrator. Id., First Count, par. 1. The complaint alleged that, on June 22, 1998, at approximately 6:46 p.m., the defendant Romeo St. Pierre was operating a motor vehicle, going north on Route 5 and 15 at or near its intersection with North Colony Road, in Berlin, Connecticut. Id., pars. 2-4. At that time, decedent was a passenger in the right front seat of the St. Pierre vehicle. Id., par. CT Page 10231 5. Plaintiff alleged that at the same time defendant Ian Copperthite was operating another motor vehicle, owned by defendant James Copperthite, going south on Route 5 and 15. Id., par. 6.[1]
The complaint contended that when defendant St. Pierre attempted to make a left turn onto North Colony Road across the northbound lanes of Route 5 and 15, his vehicle "collided with the Copperthite vehicle severely injuring Lena St. Pierre and ultimately causing her death." Id., par. 8. The First Count claims liability for negligence against defendant St. Pierre.
Paragraphs 1-8 of the First Count, as described above, were incorporated by reference in the Third and Fourth Counts. In the Third Count, plaintiff claimed that the injuries to and death of decedent were caused by the negligence of defendant-driver Ian Copperthite, in one or more of several ways:
 a. In that he operated his vehicle recklessly with regard to the width, traffic and use of the highway, the intersection of streets and weather conditions then and there existing and/or in violation of Section 14-222 of the Connecticut General Statutes, Revision of 1958 as amended.
 b. In that he operated his vehicle at a greater rate of speed then was reasonable having regard to the width, traffic and use of the highway, the intersection of streets, weather conditions and other conditions then and there existing and/or in violation of Section 14-218a of the Connecticut General Statutes, Revision of 1958 as amended.
 c. In that he did not have his vehicle under such reasonable and proper control as to enable him to reduce his speed, bring his vehicle to a stop, turn it aside or otherwise avoid colliding with the other vehicle being operated by the defendant, Romeo St. Pierre.
d. In that he failed to apply his brakes and stop his vehicle when he knew or in the exercise of due care he should have known that a collision was imminent and/or he violated the braking statute (Section 14-80h of the Connecticut General Statutes, Revision of 1958, as amended). CT Page 10232
 e. In that he was operating an automobile which was not equipped with a braking system maintained at all times in good working order adequate to control the movement of and to stop and hold his vehicle.
f. In that he was inattentive and failed to keep a proper lookout.
 g. In that he failed to bring his vehicle to a stop in obedience to a red stop and go traffic signal controlling traffic, entering the intersection and/or in violation of Section 14-299 of the Connecticut General Statutes, Revision of 1958, as amended.
Id., par. 9.
Plaintiff also contended that as a result of the defendant-driver's negligence, decedent suffered multiple traumatic injuries and, as a result, died the same day. Id., First Count par. 10, incorporated by reference in par. 12 of the Third Count.
In the Fourth Count, plaintiff incorporated by reference all paragraphs of the previous Count and further alleged that defendant Ian Copperthite "with reckless disregard operated his vehicle in violation of Conn. Gen. Stat. §§ 14-218a and/or 14-222." Id., par. 13. He claimed that "[t]his violation was a substantial factor in causing the personal injuries and death" of decedent. Id. Plaintiff claimed money damages and double or treble damages pursuant to Conn. Gen. Stat. § 14-295.
In response, the Copperthite defendants filed their Answer, dated March 14, 2000, in which they denied the salient allegations of the complaint. With their motion, they submitted a Memorandum of Law ("Defts. Memo."), the affidavit of defendant Ian Copperthite ("Affidavit") and a copy of the transcript of the deposition of Joey Conaway ("Conaway"), which was taken on May 4, 2000 ("Dep.").[2] Conaway was also driving south on Route 5 and 15, behind the Copperthite vehicle, at the time of the accident.
Defendants claim that the undisputed facts show that, at the time of the accident, "the St. Pierre vehicle suddenly turned left into the southbound lane directly in front of the Copperthite vehicle, resulting in a collision. . . ." Deft. Memo. at 1-2.
In support of this contention, they note that Route 5 and 15 divided into four lanes approaching the intersection of North Colony Road. Id. at 2. According to Conaway, at that point the two outer lanes are right and CT Page 10233 left turn lanes, while the two interior lanes are travel lanes. Dep. at 6-7. Copperthite asserts that he was going "approximately 50 miles per hour" in the left travel lane and had a "solid green light" when the St. Pierre vehicle suddenly turned "directly into my path." Affidavit, pars. 5-6.
As to when he first saw the Copperthite vehicle, Conaway agreed he was about "a football field distance behind that car." Id. at 15-16.[3]
Later he said, "[m]aybe less" and "[i]t's kind of vague." Id. at 17. The speed limit on Route 5 and 15 is fifty (50) miles per hour. Id. at 17. When he first saw the Copperthite vehicle, it was "going the speed limit," as was Conaway, or "fifty maybe, a little faster." Id.
Conaway also testified that he was planning to make a right hand turn onto North Colony Road, and, at the time of the accident had a "green arrow" to make such a turn. Dep. at 14, 21. He corroborated Copperthite's statement that there was a green light for traffic, such as the Copperthite vehicle, which was continuing straight through the intersection. Id. at 21. Tellingly, he also stated that "I'm not positive about that" when asked "what color the light was for traffic making a left-hand turn." Id.
When asked if he ever saw the Copperthite vehicle fail to obey a red traffic signal or stop sign, Conaway responded, "No, not as far as I can see, no." Id. at 29. He did not see a red light or stop sign for southbound traffic. Id. However, he stated that he was "not sure" and did not know if those making left-hand turns at North Colony Road have "an arrow also" when such turns are permissible. Id. at 14, 15. Likewise, when asked "would there ever be a green arrow for traffic to turn right onto North Colony Road and a red light for traffic to continue straight onto 5, is," he responded, "It's possible." Id. at 14-15.
Copperthite stated that the St. Pierre vehicle failed to grant him the right of way. Affidavit, par. 7. He averred that he had a green light, and that when he saw the St. Pierre vehicle turn into his lane, "I immediately hit the brakes on my vehicle, but there was nothing I could do at that point to avoid a collision. . . ." Id., par. 8.
Conaway also stated that, as far as he could tell, the Copperthite vehicle was under control when he first observed it. Dep. at 28. Also, from what he could tell, it was not traveling at an unreasonable rate of speed. Id. Finally, and also "[a]s far as I can tell," the Copperthite vehicle applied its brakes as soon as it could to attempt to avoid the collision. Id. Notably, neither the Affidavit nor Conaway's testimony addressed the condition of the brakes in the Copperthite vehicle. CT Page 10234
In response to the motion, plaintiff submitted a Memorandum of Law. Attached thereto were two exhibits, both of which purported to be statements by defendant Romeo St. Pierre. No jurat appears on either document. No evidence was presented to prove that either was subscribed and sworn to before a person who was qualified to take an oath.
STANDARD OF REVIEW
Practice Book § 17-49 provides that summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Elliott v. City ofWaterbury, 245 Conn. 385, 391 (1998); Barrett v. Danbury Hospital,232 Conn. 242, 250 (1995). "The test for summary judgment is whether a party would be entitled to a directed verdict on the same facts." Wilsonv. New Haven, 213 Conn. 277, 279-80 (1989); Batick v. Seymour,186 Conn. 632, 647 (1982).
"[I]ssue-finding, rather than issue-determination, is the key to the procedure." (citation and internal quotation marks omitted.) Michaud v.Gurney, 168 Conn. 431, 433 (1975). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (citation omitted) Miller v. United Technologies Corp., 233 Conn. 732, 751-752
(1995).
While the moving party "has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213, 217
(1994). The opposing party must do more than merely assert the existence of a disputed issue of fact.
 "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment.]" (internal quotation marks omitted) Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257
(1984).
Water Way Properties v. Colt's Mfg. Co., Inc., 230 Conn. 660, 665
(1994). Summary judgment procedure would be defeated as a whole if the mere assertion that a material factual dispute existed could force a case CT Page 10235 to trial. Great Country Bank v. Pastore, 241 Conn. 423, 436 (1997).
When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Assoc. No. 1 v. Ins. Co., of Penn., 231 Conn. 756, 796
(1995).
DISCUSSION
 1. Negligence
The Copperthite defendants argued that the deposition testimony of Conaway "conclusively establishes that there [were] absolutely no negligent actions" by them. Defts. Memo. at 5. They claimed that the evidence established that the Copperthite vehicle had a green light before the St. Pierre "vehicle entered the intersection, and at all times prior to and during the collision." Id. at 6. Further, they contended that Conaway also testified that the Copperthite vehicle was traveling at a reasonable speed, braked prior to the collision, and could not have done more to avoid it. Id.
They noted that no evidence was adduced to support plaintiff's claims that Ian Copperthite traveled through a red light, or failed to control his vehicle, or failed to apply his brakes, "or that his brakes were defective or that he failed to keep a prior lookout prior to the collision." Id. They argued also that St. Pierre cannot establish that he had the right of way. Id. at 7. Instead, they stated that the "only permissible inference" which may be drawn is that the St. Pierre vehicle's "sudden turn" caused the accident. Id.
At oral argument, they replied to plaintiff's Memorandum of Law and exhibits by pointing out that neither exhibit is in affidavit form and should not be considered by the court. As previously noted, no evidence was presented to establish that either exhibit was sworn to and acknowledged by a person qualified to take an oath.
Practice Book § 17-45 provides that parties seeking or opposing summary judgment may support their positions by filing affidavits. The section does not define the term "affidavit." It is a general principle of statutory construction that words "shall be construed according to the commonly approved usage of language. . . ." Conn. Gen. Stat. § 1-1
(a). As our Supreme Court has stated
The term "affidavit" is, as previously noted, commonly defined as "any voluntary ex parte statement reduced CT Page 10236 to writing, and sworn to or affirmed before some person legally authorized to administer an oath or affirmation." (citations omitted)
State v. Colon, 230 Conn. 24, 32 (1998); Fogarty v. Rashaw, 193 Conn. 442,444 (1984). In the absence of a jurat, the court in Colon held that "the fact that the affidavit was properly sworn to may be proven by other evidence." (footnote and citations omitted.) Id., 230 Conn. at 34-35.
In this case, no such evidence was presented to the court. As a result, since neither of these unsworn statements is an affidavit, the court may not consider them. On the record before the court they are inadmissible hearsay statements. Accordingly, the motion must be assessed on the basis of the Copperthite defendants' submission only.
Viewed as a whole, the presentation is unpersuasive.
 Summary judgment procedure "is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact; (citations omitted). Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. (citations omitted)
Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 198-199 (1972). The discussion in Fogarty v. Rashaw, supra, is instructive. There, on a motion for summary judgment in a two vehicle accident case, defendants filed the affidavit of a witness who, like Conaway here, was driving a car behind the defendants' vehicle. Id., 193 Conn. 443. The affidavit stated that plaintiff's vehicle had crossed the center line "into the lane of oncoming traffic just before the collision without displaying any mechanical signal," that plaintiff had operated his vehicle erratically, and that plaintiff was to blame for the accident, while the defendant-operator had applied his brakes when plaintiff's car crossed the center line. Id.
In response to the summary judgment motion, the Fogarty plaintiff filed an affidavit, but stated no facts concerning the reasons for the collision. Id. at 444. In reversing, the Supreme Court explained that, although the trial court was entitled to rely on the facts stated in the witness' affidavit, since plaintiff had failed to controvert them, id. at 444-445, the affidavit CT Page 10237
 contains no facts to refute the plaintiff's allegations that [defendant] failed to keep his car under reasonable control, to maintain a proper lookout, and to apply his brakes or turn his vehicle in time to avoid the collision when he had an opportunity to do so. It "did not even purport to show the nonexistence of all the issues of fact raised by the pleadings relating to common law negligence" (citation omitted). "Since these factual issues, contested in the pleadings and not even referred to in the defendants' affidavits, remained unresolved, the court was clearly in error in granting the motion for summary judgment." (citation omitted).
Id., 193 Conn. at 445. In Fogarty, the Supreme Court concluded that the affidavit before the trial court "provided an insufficient basis for a summary judgment because it did not resolve `the mixed question of fact and law' of whether the defendant met the requisite standard of care under the circumstances. . . ." Id. at 446.
Here, the situation is similar. As noted, in the complaint, Third Count, pars. 9d and 9e, plaintiff alleged that defendant Ian Copperthite violated the braking statute, Conn. Gen. Stat. § 14-80h, and his vehicle "was not equipped with a braking system maintained at all times in good working order adequate to control the movement of and to stop and hold his vehicle." Neither the Affidavit of Ian Copperthite nor the testimony of Conaway addressed the adequacy of the braking system. Instead, Defts. Memo., at 6, stated that there was no evidence to support plaintiff's claim on this point. As Fogarty points out, as the movants on a motion for summary judgment, it was the Copperthite defendants' burden to show the nonexistence of all the issues of fact raised by the pleadings. Their submission does not meet this burden. Accordingly, plaintiff's failure to present evidence to support the claims does not, at this procedural juncture, warrant the issuance of an adverse judgment.
In addition, the movants' presentation is insufficient for other reasons. Certain aspects of Conaway's deposition testimony do not make it "quite clear what the truth was and exclude any real doubt as to the actual factual situation." Spencer v. Good Earth Restaurant Corp.,supra, 164 Conn. 199. For example, he was imprecise about the speed of the Copperthite vehicle, saying it was going the speed limit, but maybe faster. Also, he was not fully familiar with the traffic light at the intersection. He stated that he was not positive what color the light was for traffic turning left and that he was unsure as to whether there was a left-hand arrow. Under these circumstances, an evidentiary hearing is CT Page 10238 required in which the trier of fact "would be called on to determine the credibility of witnesses and the weight to be given to their testimony." Id., 164 Conn. 199.
In support of their motion, movants cited various trial court opinions in which summary judgment was granted in negligence cases. Each presents a different situation, making them inapplicable to the case at bar.Blasius v. Levitin, 1997 Ct. Sup. 5943 (May 12, 1997) (Karazin, J.) involved plaintiff's allegations of being rear-ended while stopped at a red light. The case also involved allegations of inadequate brakes. Defendant there admitted that he failed to stop and struck plaintiff's vehicle because his brakes were inadequate. Id. at 5945. Here, the movants have not presented any admission from defendant Romeo St. Pierre. Likewise, Googe v. Hellandbrand, 1996 Ct. Sup. 6236 (Oct. 4, 1996) (Hennessey, J.), also involved an admission by the defendant operator that she struck the rear of plaintiff's vehicle. The trial court decision granting summary judgment in Kinne v. Debesse,1993 Ct. Sup. 4193, 4196-4197, 8 CSCR 520 (April 29, 1993)(Hurley, J.) was reversed by the Appellate Court, 35 Conn. App. 349, 352 (1994), which reiterated that the "trial court must view the evidence in the light most favorable to the nonmovant." A genuine issue of material fact was found to exist which precluded summary judgment. Caseria v. Klass, 1992 Ct. Sup. 9572, 9574,7 CSCR 1266 (October 20, 1992) (McGrath, J.) involved uncontradicted assertions that plaintiff was seated in a stopped vehicle which was struck from behind. Thus, in contrast to the record here, in three of the cases cited in Defts. Memo. where summary judgment was granted, clear evidence of what occurred was presented. In the fourth, Kinne, summary judgment was held to have been ordered in error.
The Copperthite defendants have not sustained their burden as to the plaintiff's negligence claims. Accordingly, their motion for summary judgment as to the complaint's Third Count is denied.
2. Recklessness
The Copperthite defendants also argued that their presentation entitled them to judgment as to plaintiff's claims of recklessness, which are set forth in the complaint!s Fourth Count. Our Supreme Court has defined as "reckless" conduct which "tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (citation and internal quotation marks omitted) Elliott v. City of Waterbury,245 Conn. 385, 415 (1998); Dubay v. Irish, 207 Conn. 518, 532 (1988).
"Recklessness involves a subjective realization of that risk and a conscious decision to ignore it." State v. Jupin, 26 Conn. App. 331, CT Page 10239 340, cert. denied, 221 Conn. 914 (1992). Cases where motive, intent, and subjective feelings and reactions are at issue are "particularly inappropriate" for summary judgment. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 376 (1969).
Here, plaintiff alleged that the Copperthite vehicle was being driven recklessly, in violation of Conn. Gen. Stat. § 14-218a. That statute provides, in pertinent part, that no person shall operate a motor vehicle upon a public highway or road "at a rate of speed greater than is reasonable . . . Further, the statute provides that the State Traffic Commission and local authorities may determine the speed limits which are reasonable on highways and streets. Any speed in excess of such limits "shall be prima facie evidence that such speed is not reasonable. . . ." Id. Some doubt as to the speed of the Copperthite vehicle was created by Conaway's statement that the Copperthite vehicle may have been traveling at a speed greater than the speed limit. As noted above, it is not "quite clear what the truth is." In addition, the pleaded recklessness claims incorporated by reference the allegations concerning the braking system. As previously stated, the Copperthite defendants' presentation does not present proof on this subject.
Under these circumstances, the movants have not met their burden as to the recklessness claims. Their motion for summary judgment as to the Fourth Count must be denied as well.
CONCLUSION
For the foregoing reasons, the motion for summary judgment is denied.
It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT